JESSE POTTER *against* ANDREW KINGSBURY, Esq. Treasurer of the state of *Connecticut*.

A justice of the peace, before whom a person arrested for a bailable offence, is brought for examination, may adjourn the examination at his discretion and take a recognisance, with sufficient sureties, from the prisoner, for his appearance. If the prisoner neglects to appear the justice may call him and his sureties, and in case of default of appearance, may make the proper entry thereof; but it is unnecessary for him to render judgment that the recognisance is forfeited.

WRIT of error.

This was an action of debt on bond against *Potter*, as one of the sureties of *Leverett Mansfield*.

The declaration stated, that on the 28th of *September*, 1807, *Mansfield* was arrested on the complaint of a grand juror, for forgery, and brought before *Joseph Darling*, Esq. a justice of the peace, for examination. *Mansfield* pleaded *not guilty*, and moved for an adjournment until the 3d of *October* then next, and offered bail for his appearance at that time. The justice adjourned the examination accordingly, and ordered that *Mansfield* should become bound, as principal, in the sum of two hundred dollars, and two sureties in the sum of one hundred dollars each, for his appearance. In pursuance of this order, the defendant, as one of the sureties, executed the bond on which, &c. At the adjourned court, *Mansfield* made default of appearance; and " said justice did then and there call out said bond of the defendant," as well as those of the principal and the other surety.

The defendant demurred to the declaration, and the superior court adjudged it sufficient.

*Daggett* and *Staples*, for the plaintiff in error, con-

tended, that the justice had no authority to take this bond, nor to call it out and declare it to be forfeited.

June, 1809.

POTTER
v.
KINGSBURY.

*Ingersoll*, for the defendant in error, insisted, that a court of inquiry must have, as incident to its nature, the power of taking bail of a person arrested for a bailable offence, for his appearance for examination.(a)

BY THE COURT. Though all our courts are created by statute, yet they necessarily possess certain incidental powers at common law. A justice of the peace, when holding a court of inquiry to determine whether there is sufficient cause to bind over to some higher court a person prosecuted for an offence not within his final jurisdiction, has the power to adjourn, for the purpose of enabling the public, or the prisoner, to obtain necessary witnesses. He has not the power to command a sheriff, or any other officer, to hold such prisoner until the time of the adjournment; but he may commit to gaol for safe keeping, unless he offers bail for his appearance; and then by the statute [tit. 1. s. 4] that *no man shall be imprisoned, if he will give sufficient security, bail or mainprize for his appearance, &c.* it becomes the duty of the justice of the peace to take bail, if good and sufficient be offered, for the appearance of the prisoner. If he neglects to appear, then such justice of the peace may call him and the bail; and in case of default of appearance, he may make the proper entry thereof. He does not render judgment, that the recognisance is forfeited, which is wholly unnecessary; but he merely makes an entry of such default of appearance, and neglect to comply with the conditions of the recognisance, to be used as evidence of the fact, when a suit is brought on such recognisance before a court.

(a) There were other points in the case; but as the court took no notice of them in the decision, the statement necessary to bring them up, and the arguments of counsel upon them, are omitted.

June, 1809.

POTTER

v.

KINGSBURY.

having jurisdiction.   There is no more danger in trust-ing justices of the peace with this power, than with that of taking bail for the appearance of a prisoner before a court of final jurisdiction ; and it will not only give a reasonable opportunity to persons prosecuted for offen-ces to prepare for their defence, but will save them from imprisonment.   Justices of the peace, however, in the exercise of this power, should take bonds sufficient to enforce an appearance of the prisoner, according to the nature and enormity of the offence.

In this case, the justice of the peace, by whom this recognisance was taken, conducted according to law ; and the court are of opinion, that an action of debt will lie on such recognisance.

Judgment affirmed.