*Hartford,*
June, 1841.

Goodwin
*v.*
Dodge.

GOODWIN *against* DODGE and another.

A justice of the peace holding a court of inquiry, having adjourned his court to a future day, may take a recognizance for the appearance of the party complained of, at such adjourned court.

And if the offence, as charged in the complaint, be cognizable by the county court, the recognizance is to be taken to the treasurer of the county, though the proof, on inquiry, might reduce the offence to the jurisdiction of a justice of the peace for final adjudication.

Therefore, where a grand-juror's complaint charged the prisoner with having stolen certain articles of personal property, alleged to be of the value of 47 dollars; and the magistrate holding a court of inquiry on such complaint, having adjourned his court, took a recognizance to the county treasurer, for the appearance of the prisoner before such adjourned court; it was held, that such recognizance was legal and valid.

THIS was an action of debt on a recognizance.

The plaintiff in his declaration averred, that he was treasurer of the county of *Hartford ;* that on the 31st of *May,* 1839, *Elisha Munross* and *Solomon Griswold,* grand-jurors of the town of *Bristol,* in *Hartford* county, made their complaint to *Tracy Peck,* Esq., a justice of the peace residing in *Bristol,* stating, that *Henry Dodge,* on the 15th of *April,* 1839, at said *Bristol,* sundry articles of personal property [which were specified] alleged to be of the value of 47 dollars, 82 cents, in the whole, then and there being found, feloniously did steal, take and carry away; that Justice *Peck* thereupon issued his warrant, commanding the officer to whom it was directed, to arrest the body of said *Dodge,* and him forthwith have before said justice, that he might be examined touching said complaint, and be thereon dealt with as the law directs ; that by virtue of said warrant, the officer, on the 31st of *May,* 1839, arrested the body of said *Dodge,* and him brought before a court holden by said Justice *Peck ;* that on motion of said *Dodge,* the court was adjourned to the 11th of *June,* 1839, at 8 o'clock in the forenoon ; whereupon it was ordered, by said court, that said *Dodge* should become bound to the treasurer of the county of *Hartford,* with one sufficient surety, in the sum of 200 dollars, conditioned that said *Dodge* should appear before said court, at the time and place of adjournment, to answer to the matters contained in said complaint, to abide the order of the court thereon, and to stand committed until this order should be performed ; and that accordingly, on said

31st of *May*, 1839, said *Dodge*, as principal, and *Silas Grid-ley*, as surety, acknowledged themselves to be jointly and severally bound to the treasurer of the county of *Hartford*, in a recognizance of 200 dollars, conditioned that said *Dodge* should appear before an adjourned court, to be holden at *Bristol*, by said Justice *Peck*, on the 11th of *June*, 1839, at 8 o'clock in the forenoon, then and there to answer to the fore-going complaint of *Elisha Munross* and *Solomon Griswold*, grand-jurors, charging said *Dodge* with the crime of theft, and abide the judgment of said adjourned court thereon. The declaration then alleged, that the grand-jurors appeared at the adjourned court, but that said *Dodge* failed to appear, and said *Gridley* failed to have him there, whereby their recogni-zance became forfeited.

To this declaration the defendants demurred; and the case was thereupon reserved for the advice of this court.

*Toucey*, in support of the demurrer, contended, 1. That this being an official bond, not voluntary, but exacted by duress of imprisonment, if not authorized by law, is illegal and void. *Darling* v. *Hubbell*, 9 *Conn. Rep.* 350. *Billings* v. *Avery*, 7 *Conn. Rep.* 236.

2. That the common law does not authorize a bond to the treasurer of the county, on any state prosecution. The state is the adverse party.

3. That there is no statute authorizing a bond, in this case, to the treasurer of the county. The 123d section of the statute *concerning crimes and punishments*, applies only where the prisoner is bound over to a higher court. *Stat.* 148, 9. (ed. 1835.) The 126th section expressly requires that the bond, in a case like this, should be taken to the treasurer of the town. *Dodge* was to be tried by a justice of the peace. He was required to give bond with condition that he appear before the justice's court, answer the complaint and abide the judgment of the court. The justice had power to try and convict; and the statute is express, that if the person admitted to bail is to be tried by a justice, the bond shall be taken "to the treasurer of the town wherein the offence is charged to have been committed." *Stat.* 150. (ed. 1835.)

*T. C. Perkins* and *H. Perkins*, contra, contended, 1. That

the justice had power to adjourn, and it was his duty to take bail. *Potter* v. *Kingsbury*, 4 *Day,* 98. The great question in the case, is, who is to be the obligee of the bond?

2. That the statute having made no express provision in a case like this, the statutory provision and the decisions in analogous cases, must govern. Here, the offence charged in the complaint could not be tried and determined by the justice, but was within the jurisdiction of the county court; and if the justice found the charge sustained, it would be his duty to bind the offender over to that court. Analogy requires that a bond taken on an intermediate proceeding in the same cause, should be the same as on the binding over. The value of the stolen goods *charged in the complaint,* is to determine the jurisdiction. This is the only practicable rule before trial. In *Potter* v. *Kingsbury,* the offence charged in the complaint, was forgery; an offence of which the superior court had then exclusive jurisdiction. A bond was taken there, as in this case, for appearance at an *adjourned* justice's court, payable to the state treasurer; and it was held, that the bond was legal and valid. If there is no statute provision on the subject, and the bond is not inconsistent with the principles of the common law, it is valid. There is no statute directing to whom the bond on an appeal from probate shall be taken; and yet if taken to the judge of probate, it is valid. *Bailey* v. *Woodworth* & al. 9 *Conn. Rep.* 388.

3. That there is no reason why the *town* treasurer should have the benefit of the bond in question. If the present plaintiff cannot recover, there can be no recovery on the bond.

CHURCH, J. *Henry Dodge,* one of these defendants, had been duly arrested upon a complaint made against him for theft. The complaint alleged the stealing of various articles of personal property to a value and amount exceeding fifteen dollars.

*Dodge* was brought before a justice of the peace for the county of *Hartford* for examination or trial, on the 31st day of *May,* 1839; and upon his motion, the examination was adjourned until the 11th day of *June,* and the justice took the recognizance of the defendants, upon which this action was brought, to the treasurer of the county of *Hartford,* conditioned

for the appearance of *Dodge*, at the time and place of adjournment, to answer the charge in the complaint. *Dodge* neglected to appear. The next court having cognizance of the offence charged, was the county court.

This recognizance and its conditions are declared upon as the sole ground of action; and the declaration is demurred to, on the ground that the recognizance is void. And whether it be so, is the question reserved.

This case does not fall within the language of any statute provision on this subject; and the question submitted can only be determined, by its analogies to others for which provision is made. No statute authorizes a justice of the peace to take a recognizance of a prisoner upon an adjournment; but this court decided, in the case of *Potter* v. *Kingsbury*, 4 *Day* 98. that a justice of the peace holding a court of enquiry might adjourn, and take a valid recognizance for the future appearance of the accused; that the power to do this was necessarily incidental to such a tribunal, by the common law. That was a prosecution for forgery, cognizable, as the law then was, by the superior court only. That decision cannot be sustained, if the present claim of the defendants can be.

A distinction is urged between the case on trial and the case cited, in this, that in the present case the justice might have had final jurisdiction, and would have had, if, upon the enquiry, he had found the value of the property stolen not to exceed fifteen dollars; and therefore, his court was not necessarily a court of enquiry, but a court for trial and punishment, which would bring this case within the provisions of the 126th section of the statute concerning crimes and punishments, requiring the recognizance to be taken to the treasury of the town. We are of a different opinion. The jurisdiction of the court, at the time of the adjournment, could only be known by the record, the averments in the complaint; and we now can determine it only by the record, which alleges the value of the property stolen to exceed fifteen dollars, and shews jurisdiction in the next county court. We cannot act, nor could the justice, upon the possibility that further proceedings might have shown, that cognizance of the offence belonged to him. The record, as it then was and now is, *was returnable to the county court;* and therefore, within the fair meaning of the 123rd section of the aforesaid

*Hartford,*
*June, 1841.*

Goodwin
*v.*
Dodge.

statute, the recognizance was properly taken to the treasurer of the county of *Hartford.* As the law authorizes a recognizance upon an adjournment, it is but reasonable to say, that it should be taken to the same person, to whom it must have been taken, if given for the appearance of the prisoner, before the court for final trial, as was properly done in the case of *Potter* v. *Kingsbury.*

We shall advise the superior court that the declaration is sufficient.

In this opinion the other Judges concurred, except WILLIAMS, Ch. J., who gave no opinion, being an inhabitant of the county of *Hartford.*

Declaration sufficient.