## TOWN OF NEW HAVEN *vs.* BENJAMIN ROGERS.

Proceedings under the bastardy act (Rev. Stat., tit. 7, sec. 38,) though civil in their nature are in form like criminal proceedings, and a justice of the peace before whom they are pending may, on an adjournment, require the defendant to enter into a recognizance for his future appearance.

And where the recognizance requires him not only to appear but to abide the judgment of the court, it is valid.

The condition to abide the judgment of the court is not satisfied by a mere appearance of the defendant at the adjourned court, but he must appear at all the times fixed by future adjournments and whenever required by the court.

Where a bastardy case was adjourned by the justice from the 20th to the 27th of October, 1860, and thence, by agreement of the parties, from day to day till the 21st day of September, 1861, without the appearance of either of the parties on any of the days of daily adjournment, it was held that the case was still open and within the jurisdiction of the justice, and that a recognizance entered into

by the defendant with a surety at the first adjournment, to appear on the 27th day of October, 1860, and abide the judgment of the court, was forfeited by his default of appearance when called on the 21st day of September, 1861, although he had appeared at the adjourned court on the 27th of October, 1860.

To make such adjournments legal however there must have been an actual adjournment from day to day. If a case should be suffered to lie without any regular adjournment, to be called up at some future and uncertain time, it would be discontinued thereby.

Where the record of the justice was, that the parties agreed that the case should be continued from day to day as security for the performance of certain terms of settlement by the defendant, until further action should be required by either party, and that " the case was thus continued, without the appearance in person or otherwise of either party, and without any further action or order by the court, until the 21st day of September, &c.," the record was held to mean that the case was actually continued from day to day, without any further action or order of the court than such continuances.

A recognizance is an obligation of record, and is strictly a bond, and where adapted to the nature of the case will answer the requirement of a bond in a statute.

DEBT on a recognizance. Demurrer, and case reserved for advice. The case is sufficiently stated in the opinion.

*Doolittle* and *Bronson*, in support of the demurrer.

*C. R. Ingersoll*, contra.

HINMAN, C. J. This is an action on a recognizance entered into by the defendant with one Orson A. Brooks before Justice Hollister, the object of which was to enforce the appearance of said Brooks before the justice on certain days when a case under the bastardy act, in favor of the plaintiffs and against said Brooks, was pending. Several exceptions to the right of the plaintiffs to the judgment of the court in their favor are taken by the defendant, which will be noticed in their order.

First, it is claimed that the justice had no power to take any recognizance whatever; that the statute provides only for a bond of recognizance where probable cause for the complaint is found, and the delinquent is bound over for his appearance before the superior court; and that, as this is a civil suit, if any bail was taken on the adjournment, it should have been to the officer having the delinquent in custody, as in other civil proceedings. It is true, the object of the proceeding is to

obtain security against an apprehended injury of a civil nature, in being subjected to the expenses of maintaining the child, but the forms of proceeding, which are substantially prescribed by the statute, are like those in criminal cases. The accused is brought before the magistrate by a forthwith process; he is held in custody by the magistrate's order, precisely as would be the case if he was charged with the commission of a crime; and, until the case is disposed of, he must either remain in custody, be committed to prison, or relieve himself therefrom by procuring security for his remaining in custody or appearing to abide the order of the court when the case shall be finally determined by the magistrate. When formally surrendered to the court the officer's duty in making the arrest and bringing him before the court is at an end, and it is the duty of the court thenceforth to hold him, either by the custody of the officer under its order, or by taking a recognizance, so that he may be had to abide any subsequent order in the case. As the proceedings, so far as they are prescribed by statute, are in the form of criminal proceedings, the practice has always been to continue them in that form in respect to matters which are not strictly prescribed. Now there is no statute which authorizes a single magistrate to take a recognizance of a prisoner charged with crime, upon an adjournment of the case, yet in the case of *Potter* v. *Kingsbury*, 4 Day, 98, it was held that the power to do this was of necessity incident to a justice's court; and this decision was subsequently recognized as a binding authority in *Goodwin* v. *Dodge*, 14 Conn., 206. We think, therefore, that the justice did not exceed his power in adjourning his court, and taking the recognizance in question for the future attendance of the accused.

It is claimed, secondly, that the recognizance should have been for the appearance of the party simply, and not " to abide the order or judgment of said court, &c." In cases where delinquents are bound over to a higher court it has, as remarked by Judge Hosmer in *Waldo* v. *Spencer*, 4 Conn., 78, " been a very common practice for many years to superadd that he shall abide judgment." The precise effect of this stipulation is not now under consideration. The only ques-

tion here is whether it renders the bond void; and if a recognizance containing this clause is valid in cases where the party is bound over to a higher court we perceive no reason for holding it to be void where a justice takes the recognizance to enforce an appearance before his court at an adjourned day. Bonds containing this clause are very common, as the authorities cited on the plaintiffs' brief show, so common that it may be said to be the usual form; and as they have uniformly been sanctioned when any question has arisen on the point, we think it now quite too late to discuss their validity. In one of the cases cited, that of *Goodwin* v. *Dodge*, the recognizance was for an appearance at. an adjourned justice's court.

It is claimed, thirdly, that the statute requires a bond instead of a recognizance in a binding over, and hence, by analogy, a bond and not a recognizance should be taken on an adjournment. But a recognizance is nothing but an obligation of record: it is therefore a bond in the strict sense of the word, where the court or magistrate has authority to take it. Nothing is more common than to speak of a recognizance as a bond. When therefore the statute speaks of a party's " becoming bound with surety" or of his " giving a bond with surety" to appear before a court and answer to a complaint, it is called a binding over, and the entering into a recognizance or obligation of record for that purpose is an authorized and legal compliance with the order.

In the fourth place, it is claimed that the defendant in the suit appeared at the time when he was bound to appear, and made answer to the complaint, and therefore the recognizance was discharged. The cause was first adjourned to the 27th of October, 1860, and Brooks, with the. defendant as his surety, entered into the recognizance now in suit, the condition of which was that he should appear at the time to which the cause was adjourned on. that day " and answer to the complaint and abide the order or judgment of the court touching said complaint on the matters therein charged." The record then shows that on motion the further hearing of said charges came by legal continuances to the 21st day of September,

1861, when the plaintiffs appeared, but the defendant did not appear, though regularly called, &c. The defendant's claim here is, that, as the statute in relation to proceedings in bastardy cases, in the 29th section, provides, in a certain contingency, for the continuance of a cause to the next term, and for the ": renewal of the bond if necessary," it is to be implied from it that unless the bond is renewed it is satisfied by the defendant's appearance and answering to the case. A claim very similar to this was made in the case of *Hendee* v. *Taylor*, 29 Conn., 448, but the court, in disregarding it, remarked that a person under a recognizance to appear and abide the order of the court was bound so to appear as to be within the power of the court whenever required, and that it was no answer to say that he was there on one or more occasions when he was required to be so. He should be there on all occasions when lawfully called upon. The object of taking the recognizance was to relieve Brooks from actual custody and imprisonment, and to secure his appearance whenever wanted for the purposes of trial or to receive the judgment of the court; and the liability of his surety should secure this or it would be so inconvenient in practice as to be of little avail. So far, then, from a restriction of the liability of the bail by the provision of the statute for a renewal of the bond when necessary, we think the obvious meaning of the legislature was to provide for a renewal in those cases only where, in consequence of the want of sufficient bail, or of some change in the circumstances of the parties, or in consequence of the principal having been surrendered in discharge of his bail, a renewal thereof or some additional security had become necessary. And this leads us to remark that the stipulation in recognizances of this description, that the delinquent should abide the order or judgment of the court, could never have been intended to impose upon him any other obligation than that he should, at all proper times, when called upon, either during the progress or at the final determination of the cause, so appear as to place himself in the power of the court, and be ready to suffer any proper punishment that may be imposed upon him. The words are apt enough for this purpose and may have been introduced in

order to save the necessity of renewing the recognizance at every adjournment or continuance of the cause. Whether they are necessary for this purpose is of no importance. If without them the mere appearance in court by counsel or otherwise, without a surrender in discharge of the bail, would not be a performance of the condition of the bond, it surely can be no objection that the implied obligation or condition should be expressed in terms; and if such would not be the effect without this clause, the object of inserting it is lawful, and as much for the benefit of the obligors as of the public, and is in furtherance of the convenient administration of justice, and being voluntarily entered into ought, we think, to be binding.

It is claimed in the fifth place, that the justice's record shows that there was but one legal adjourned session of his court, and consequently the session when the bond was called was illegal, and the bond has therefore never been forfeited. The record upon which this question arises is in these words: "And on motion the further hearing of said charges came by legal continuances, to wit, by continuances from week to week, by agreement of the parties, the town and Brooks, to the 10th day of November, 1860, and thereafter by continuances, by like agreement of the parties, from day to day; said agreement being that such action should be had as security for the performance by the defendant of the terms of an agreement of settlement, and until further action should be required by either party. The cause was thus continued under that agreement, without the appearance in person or otherwise of either party, and without any further action or order by the court, until after the absconding of the defendant, and until the 21st day of September, at nine o'clock in the forenoon." The claim in this part of the case is, that these adjournments from week to week, and especially those from day to day, were entirely irregular, because the justice had no authority to adjourn without the presence of the parties. We do not assent to this view. If the case had been pending before a court having regular terms the entry of an appearance on the first or second day of the term would be considered as an

appearance until the parties were called and made default of appearance; and this we suppose would be so at any subsequent term or terms of the court until it was shown by calling the parties that they no longer intended to appear. This we believe is the constant practice in the superior court; and the same practice would be regular in a justice's court were it not for the circumstance that he has no terms, and no court distinct from himself, and his continued jurisdiction depends therefore entirely upon his having a case kept regularly before him by proper proceedings. When therefore a case is regularly brought before him, if it is kept pending by a regular adjournment of it from one day to another or from day to day for a succession of days, we do not see why it does not operate like the continuance of a case from term to term; and where, as in this case, it was done by an agreement of the parties for their own special convenience, it would seem that they ought to be bound by it. It is true, undoubtedly, that if the case was not kept alive by the regular adjournment of it from time to time as the times to which it was adjourned occurred, but was suffered to lie in the expectation of calling it up at some future but indefinite time, it might be considered as no longer pending, and, being gone, the justice would no longer have jurisdiction over it. And this brings us to the remaining claim of the defendant, that the record shows such to have been the fact in this case. We do not however so read the record. It says that the case was continued from day to day, under the agreement of the parties, " without the appearance in person, or otherwise, of either party, *and without any further action or order by the court,* until after the absconding of the defendant, and until the day when the parties were called and the recognizance declared to be forfeited." This can not mean that it was suffered to lie from day to day for an indefinite period without being continued or adjourned in fact, since to give it this construction would be repugnant to that portion of the record which states that under the agreement of the parties it was continued from day to day until further action should be required by either party. The meaning therefore undoubtedly is, that the court continued the case from day to

day without the appearance of the parties or any further or other action of the court, that is, any further action than the bare continuance of the case, and thus reading the record we are of opinion that the proceeding was regular.

We are of opinion, therefore, for these reasons, that none of the objections to the plaintiffs' right to recover ought to prevail, and we accordingly advise the superior court to render judgment for the plaintiffs.

In this opinion the other judges concurred.