## Case No. 15,392.

### UNITED STATES v. HORTON.

District Court, D. Alabama.   Dec. 20, 1867.

#### CIVIL RIGHTS—BANISHMENT OF NEGROES.

## Case No. 15,393.

### UNITED STATES v. HORTON.

[2 Dill. 94:[1] 18 Int. Rev. Rec. 31. 63; 5 Chi. Leg. News. 471; 21 Pittsb. Leg. J. 17; 5 Leg. Gaz. 255.]

Circuit Court. E. D. Missouri.   March, 1873.

TAKING BAIL—POWER OF UNITED STATES COMMISSIONER.

1. A United States commissioner, as respects the taking of bail, has the same power as a state magistrate and no greater.

[Cited in U. S. v. Eldredge, 71 Cal. 565, 13 Pac. 679.]

2. The statute of Missouri provides that a magistrate may adjourn the examination of a prisoner for a period not exceeding ten days at one time.   At the request of a prisoner charged with violating the revenue law, a commissioner adjourned the examination for nineteen days, and took bail for his appearance at the end of that time   The bail having been forfeited: *Held*, on a suit against the sureties, that the commissioner's order for the appearance of the accused after an interval of nineteen days was directly contrary to law, and that the recognizance for such appearance was invalid, and that the consent of the accused could not confer jurisdiction or power to make the order, nor does it estop him or his sureties to set up the invalidity of the recognizance.

[Cited in U. S. v. George, Case No. 15.199; U. S. v. Evans. 2 Fed. 151; U. S. v. Insley. 54 Fed. 223; U. S. v. Keiver. 56 Fed. 425, 4 C. C. A. 296; Hallett v. U. S.. 63 Fed. 822; U. S. v. Hudson. 65 Fed. 73; Re Acker. 66 Fed. 294; U. S. v. Ewing. 140 U. S. 144, 11 Sup Ct. 743; Re Dana. 68 Fed. 893.]

[Cited in Re Mantz. 19 D. C. 598;   State v. Swope, 72 Mo. 404.]

One Horton was arrested for a violation of the internal revenue laws, and taken before Chamberlin, a commissioner of the United States for this district, for examination, on the 30th day of May, 1872.   The accused asked for a postponement, and the commissioner adjourned the proceedings until the 19th of June following, and required the defendant to enter into a recognizance, with sureties, for his appearance before the commissioner at the adjourned time, and it was under this order that the recognizance in suit was executed. Horton failed to appear, and his default was duly entered.   This suit is on the recognizance.   The sureties defend.   The district court held the recognizance to be valid, and judgment was rendered against the sureties. who bring the same and the bill of exceptions, by writ of error, to this court.   The constitution of this state provides that all persons shall be bailable. except for capital offenses.   The statute of the state enacts that "a magistrate may adjourn an examination of a prisoner pending before himself, from time to time, as occasion requires, not exceeding ten days at a time, * * * and for the purpose of enabling the prisoner to procure the attendance of witnesses, or for other good and sufficient cause shown by the prisoner, said magistrate shall allow such an adjournment on the motion of the prisoner."   2 Wag. St. 1075, § 88.   The act of congress of 24th September, 1789, § 33 [1 Stat. 91], provides that "for any crime or offense against the United States. the offender may by * * * any justice of the peace of any of the United States where he may be found, agreeably to the usual mode of process against offenders in such state, * * * be arrested, and imprisoned or bailed. as the case may be, for trial before such court of the United States as by this act has cognizance of the offense."   By the act of 23d August. 1842, § 1 [5 Stat. 516], it is provided that United States commissioners "shall and may exercise all the powers that any justice of the peace * * * of any of the United States may now exercise in respect to offenders. by arresting, imprisoning, or bailing the same under the act of 1789."

Wm. Patrick. U. S. Dist. Atty.

Fletcher & Reynolds, for defendant.

DILLON, Circuit Judge.   The record shows that the principal cognizor was charged with an offense against the laws of the United States, and was arrested and taken before a commissioner for this district, who, upon his application, continued the time for the examination and hearing of the charge for the period of nineteen days, and thereupon ordered him to find bail in the sum of $500 to appear before the commissioner at his office on the day to which the adjournment was thus made.

The recognizance in suit was given in pursuance of this order.   The principal failed to appear at the time and place to which the hearing was adjourned. and his default was entered by the commissioner.

The substantial question presented for determination is whether the recognizance taken under these circumstances is binding upon the cognizors.   It is settled that bonds of this character are valid only when taken in pursuance of law and the order of a competent court or officer.   U. S. v. Goldstein's Sureties [Case No. 15,226]; U. S. v. Rundlett [Id. 16,-208].   Whatever authority the commissioner has in respect to the arresting, imprisoning, or bailing of criminal offenders is conferred by statute, and must be exercised by him pursuant to its requirements.   Congress has not seen fit to prescribe a uniform mode of its own in respect to preliminary proceedings against persons accused of a violation of its criminal enactments. but in the 33d section

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

of the judiciary act. it provided that the procedure in such cases should be "agreeably to the usual mode of process against offenders in such state," that is, in the state in which the offenders may be arrested and the proceedings had. To this section we must resort to ascertain the powers of commissioners in respect to the arrest. imprisonment, and bail of offenders against the laws of the United States. The meaning of this section was very carefully considered by Mr. Justice Curtis, in U. S. v. Rundlett. supra. This learned judge there says: "My opinion is that it was the intention of congress by these words, 'agreeably to the usual mode of process against offenders in such state,' to assimilate all proceedings for holding accused persons to answer before a court of the United States to proceedings had for similar purposes by the laws of the state where the proceedings should take place; and, as a necessary consequence, that the commissioners have power to order a recognizance to be given to appear before them in those states where justices of the peace, or other examining magistrates, acting under the laws of the state, have such power. The prisoner is not only to be arrested and imprisoned, but bailed, agreeably to the usual mode of process in the state."

As the legislation now stands, a commissioner, as respects taking bail, has the same power as state magistrates and no greater. On this principle it has been recently held by Judge Woodruff, that in New York, where state magistrates have no power to take recognizances to appear before them at a subsequent day, United States commissioners have no such authority, and a bond conditioned for the appearance of the accused before the commissioner on a future day to which the proceeding was adjourned, was void. U. S. v. Case [Case No. 14,742], affirming the judgment of the district court. On the other hand. in those states where magistrates have by statute the power of adjournment, there a United States commissioner may let to bail pending the proceedings against the accused. U. S. v. Rundlett, supra.

By the statute of Missouri, "a magistrate may adjourn an examination of a prisoner pending before him, from time to time, as occasion requires, not exceeding ten days at one time." Wag. St. p. 1075, § 88. In this case the commissioner adjourned the examination for nineteen days, and ordered the accused to find bail to appear before him at that time. This was an order not only without authority of law, but contrary to law. He could not lawfully require the accused to find bail in pursuance of it; and a bond executed to avoid being imprisoned for the nineteen days, when the statute limits the period to ten days, is without any binding obligation. It is immaterial that in this instance the accused asked for the continuance. His consent could not confer jurisdiction or power to make the order; nor does it estop him or his

sureties to set up the invalidity of the recognizance executed to comply with it. Reversed.

NOTE. As to the power of justices of the peace to adjourn examination and take a bond pending a continuance, see Potter v. Kingsbury, 4 Day. 98, 1809. This case affirmed the power, "but the court," says Woodruff, J., in U. S. v. Case [Case No. 14,742], "refer the power solely to statute" The only statute referred to by the court is one in these words: "No man shall be imprisoned if he will give sufficient security. bail, or mainprize, for his appearance." etc. The case treats the justice as a court of inquiry, with the incidental power to adjourn for the purpose of enabling the public or the prisoner to obtain witnesses. But compare U. S. v. Case, supra, with which it seems difficult to reconcile it. As to the limited powers and jurisdiction of justices of the peace in Missouri: State v. Metzger, 26 Mo. 65; Williams v. Bower, Id. 601.