In the matter of the last will of JOHN S. BROWN, deceased.

June 25, 1886.

**Appeal—Recognizance—Bond—Undertaking.**—In Gen. St. 1878, c. 124, § 3, the word "bond" is used as a general term, including recognizances as well as common bonds. Hence, in an appeal from the probate to the district court, taken pursuant to Gen. St. 1878, c. 49, § 15, an undertaking may be filed in lieu of a recognizance.

Appeal from an order of the district court for Le Sueur county, *Macdonald*, J., presiding, dismissing an appeal from an order of the probate court, determining that the instrument offered for probate is not the will of the deceased. The dismissal was made upon the ground that the district court had no jurisdiction, because an undertaking and not a recognizance was given on the appeal from the probate court.

*B. S. Lewis*, for appellants.

*E. Southworth* and *Gordon E. Cole*, for respondents.

MITCHELL, J. "A recognizance," says Blackstone, "is in most respects like another bond; the difference being chiefly this: that the

bond is the creation of a fresh debt, or obligation *de novo;* the recognizance is an acknowledgment of a former debt upon record.   \*   \*   \*
This, being either certified to or taken by the officer of some court, is witnessed only by the record of that court, and not by the party's seal."   2 Bl. Comm. 341.   Formerly a recognizance was allowed a priority, in point of payment, over a common obligation, and bound the lands of the cognizor from the time of enrolment or record.   But in this state the difference between a recognizance and a common bond is now largely one of mere form.   Hence, not merely in common speech, but also in statutes, the one or the other term is often used without strict regard to the technical distinction between the two. Thus the term "recognizance" is commonly applied to all forms of security for the appearance of the accused in criminal proceedings, whether in the form of a common-law recognizance, or of a common bond.   So in the case of appeals from probate court to the district court.   In those taken under chapter 49 of the Statutes the appellant is required to file a "recognizance," while in those taken under chapter 53 he is required to give a "bond."   Again, the term "bond" is not unfrequently used as a general term, including "recognizance," which is but one kind of bond.   Thus Blackstone speaks of a recognizance as in most respects "like another bond."

In Gen. St. 1878, *c.* 49, § 15, regulating appeals from the probate to the district court, if the words "recognizance" and "bond" are not used interchangeably as synonymous, it is at least evident that recognizances *are* deemed a kind of bond, and included in that general name.   Thus, upon taking the appeal, the appellant is required to file a "recognizance;" but the district court has the power, in the exercise of a sound discretion, to require him "to give such *further bonds,* with surety," etc.   And in Gen. St. 1878, *c.* 124, § 3, authorizing the giving of undertakings in lieu of bonds in all cases of appeal (among others) from the probate to the district court, we are satisfied that the word "bond" is used in this general sense as inclusive of recognizances.   This is evident from the plain purpose of the statute, which manifestly was to authorize the use of undertakings in all cases of appeal from the probate to the district court.   There is no conceivable reason why an undertaking should be authorized in such

appeals taken under chapter 53, and not in those under chapter 49 of the Statutes. We are therefore of opinion that, in an appeal from probate to district court, under chapter 49, the provisions of chapter 124, § 3, are applicable, and that an undertaking may be given and filed in lieu of a recognizance.

Order reversed.