CITY OF HARTFORD *vs.* PETER PREDZEWISKI ET AL.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 2d—decided October 25th, 1929.

*Frederick J. Rundbaken* and *Moses Hartzmark,* for the appellant (defendant Peter Predzewiski).

*Roger W. Davis,* Assistant Corporation Counsel of the city of Hartford, for the appellee (plaintiff).

MALTBIE, J.  The plaintiff city alleges in the first paragraph of its complaint that the defendants on February 3d, 1928, made their bond payable to it, of which a copy is annexed as an exhibit; in the second paragraph it sets out the legal effect of this obligation as it claims it to be; and in the third paragraph it alleges a breach of the bond.  The exhibit discloses a recognizance taken in the Police Court of the plaintiff city which recites that the defendant Nicholas Predzewiski as principal and the defendant Peter Predzewiski as surety appeared and recognized themselves as jointly and severally bound to the city in the sum of $400 conditioned that Nicholas Predzewiski pay $7 a week for fifty-two weeks for the support of his child and abide the order of the court thereon.  The defendant Peter Predzewiski demurred to the complaint upon several grounds which may be summed up as claiming that the recognizance was not such a bond as the statutes of this State provide in a nonsupport action.  It may be noted that nowhere in the complaint or exhibit does it appear what was the nature of the proceeding in which the recognizance was taken, but the demurrer indicates, and both parties have argued the case upon the assumption, that it was taken in the course of proceedings under § 6416

of the General Statutes as amended by the Public Acts of 1919, Chapter 213, and we shall so treat it.

This statute provides a penalty for the failure of a man to support his wife or children, but provides that, in lieu of inflicting the penalty, the court, upon conviction of the accused, may accept "a bond to the treasurer of the town in which such conviction is had" with good and sufficient surety, conditioned for the support of the wife or children or the payment of such sums toward that support as the court may order. While in a strict sense the words "bond" and "recognizance" signify obligations distinct in character, they are often used interchangeably. *New Haven* v. *Rogers,* 32 Conn. 221, 224; *In re Brown,* 35 Minn. 307, 29 N. W. 131. Particularly is this so in criminal proceedings. Even in the statutes themselves we find two instances where the caption of a section speaks of "bonds" but the body of it deals in terms with recognizances. General Statutes, §§ 6552, 6621. So the broad provisions of § 6622 concerning the reduction or increase of bonds given in criminal cases and the first sentence of § 6623 giving the State's Attorneys and Prosecuting Attorneys power to compromise and settle forfeited bonds must certainly include recognizances. In *New Haven* v. *Rogers, supra,* we expressly decided that a recognizance may fully comply with the statutory provision as to the giving of a bond in a bastardy action. We cited that case in *Lovejoy* v. *Isbell,* 70 Conn. 557, 559, 40 Atl. 531, to support the proposition: "A recognizance is a bond in the strict sense of the word, and a statutory requirement to give bond with surety is satisfied by entering into a recognizance for that purpose." When we consider that the common form by which parties ordinarily become bound in criminal proceedings is the recognizance, we have no doubt that the legislature did not use the word "bond" in the

statute before us in its strict sense but that a recognizance comes within its fair intendment.

The other objection to the bond is that it runs, not to the "treasurer of the town" but to the city of Hartford. Since the consolidation of the town and city of Hartford, there has been no treasurer of the town but the functions which he would have performed are vested in the treasurer of the city. 12 Special Laws, p. 626; 14 Special Laws, p. 559. In view of the reenactment of the statute without change in the words "treasurer of the town" since that consolidation, it can only be understood as intended to include within that phrase the treasurer of the city. Had the bond run to him, it would have been in full compliance with the law. But under this statute the treasurer is but the representative of the city and taking the recognizance directly to it is a formal defect insufficient to invalidate the undertaking. Thus, in *Hopkins* v. *Plainfield,* 7 Conn. 286, a bond in a bastardy proceeding which the statute specified should run to the town was taken to its treasurer and we held it valid, saying: "A bond to the town treasurer, is a bond to the town, and to no one else." The recognizance was in substantial compliance with the statute and that suffices.

There is no error.

In this opinion the other judges concurred.