DANIEL POUZZNER ET AL. *vs.* G. HENRY BRETHAUER ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 6th—decided July 27th, 1934.

*Samuel E. Hoyt,* for the appellant (defendant representing State of Connecticut).

*David J. McCoy,* with whom, on the brief, was *Vincent P. Dooley,* for the appellant (named defendant).

*Benjamin F. Goldman,* for the appellee (defendant Laplansky).

BANKS, J. This is an action of interpleader brought to determine the right to a fund of $5000 deposited as cash bail in a criminal action in the City Court of New Haven. The complaint alleged that the plaintiffs Pouzzner and Weiner were, respectively, the City Attorney of New Haven and the clerk of the City Court of New Haven, that the latter had in his possession the sum of $5000 deposited with him as cash bail which was claimed by the defendant Brethauer, as treasurer of the city of New Haven, and by the defendant Hoyt as State's Attorney for New Haven County, and asked that they be required to interplead as to their respective rights to the fund. Upon motion of Nathan Laplansky, claiming an interest in the fund, he was made a party defendant, an interlocutory judgment of interpleader was entered, and after hearing the court rendered judgment awarding the fund to the defendant Brethauer. Upon motion of the defendant Laplansky the judgment was reopened and thereafter the court rendered the judgment appealed from, awarding two-fifths of the fund to the defendant Laplansky and the remainder to the defendant Brethauer. It appears from the finding that Joseph Keller was arrested on August 20th, 1929, and presented before the City Court of New Haven charged with idleness. On August 23d, 1929, Keller, as principal, and Esther Brodach, as surety, appeared and

acknowledged themselves jointly and severally bound unto the treasurer of the city of New Haven in the sum of $5000 conditioned upon the appearance of Keller to answer the complaint charging him with idleness, and the sum of $5000 as cash bail was deposited with the plaintiff Weiner, clerk of the City Court. On August 24th the case was continued to September 9th; on that date Keller failed to appear and the bond was duly called and declared forfeited. On August 23d, 1929, a warrant was drawn by the City Attorney charging Keller with conspiracy, and on August 30th, 1929, one charging him with obtaining money under false pretenses, but he was never presented to the court on either of these charges.

The trial court did not err in holding that the defendant Hoyt, as State's Attorney of New Haven County, had no interest in the fund. His claim is that, while Keller was held upon a charge of idleness, the real charge against him was that of the commission of a felony and that the bond should have been taken to the State. Though warrants were subsequently drawn charging Keller with felonies, he was never presented to court upon those charges, and the recognizance taken was upon the charge of idleness and was properly taken, under the provisions of § 6459 of the General Statutes, to the treasurer of the city, and when forfeited the money was payable to him. General Statutes, § 6462; *Hartford* v. *Predzewiski*, 110 Conn. 171, 147 Atl. 593.

The record, in so far as the claim of Laplansky is concerned, is, to say the least, in a most unsatisfactory condition. In his motion for leave to intervene Laplansky alleged that he had been swindled out of $2050 by Keller, and because of that fact had an interest in the interpleader action. In a memorandum of decision filed December 23d, 1932, the court stated

that $2050 of the money put up as bail for Keller was raised by Esther Brodach on bank books given her by Keller and was money taken by the latter from Laplansky. It held, however, that it could not exercise its equitable discretion in favor of the latter since he had an adequate remedy at law, namely, by right of petition to the board of aldermen of the city of New Haven, and ordered judgment awarding the entire fund to the defendant Brethauer. In a motion to reopen the judgment Laplansky alleged that he had filed with the board of aldermen a petition for the money claimed by him which had been denied. The court thereupon opened the judgment, and rendered the judgment appealed from.

The court found that on or about July 20th, 1929, Keller swindled Laplansky out of $2050 which the latter drew out of the Mechanics Bank and gave to him, that this money was given by Keller to Esther Brodach, and was included in the $5000 cash bail deposited by her, that the board of aldermen disclaimed that it had any right to restore the money to him, that, due to the loss of his savings, Laplansky had become an inmate of the Jewish Home for the Aged, and concluded that two-fifths of the fund should be paid over to the account of Laplansky and the Jewish Home for the Aged.

All of the evidence has been certified in support of appellants' claims for the correction of the finding. There appears to be no evidence whatever to support the finding as to the action of the board of aldermen, which was the basis of the court's action in reopening the judgment, and of the change in its judgment awarding Laplansky two-fifths of the fund. The only evidence in the case which could be claimed to support the finding of the court that Keller had swindled Laplansky out of $2050, and that this money was in-

cluded in the cash bail deposited by Esther Brodach, was that given by Jacob Lubin, a son of Laplansky who had changed his name. In the midst of the transcript of the testimony of the plaintiff Weiner there appears this notation: "[Here the testimony of Jacob Lubin was read into the record.]" The testimony does not appear in the record at this point, but is appended after the arguments of counsel. Counsel for the appellants appear to claim that this evidence was taken at some hearing at which they were not present, the nature of which the record does not disclose, and that it should be disregarded by the court. The evidence appears as a part of the entire evidence in the case certified by the official stenographer of the court, and made a part of the record on appeal, and must be so treated.

The material part of Lubin's evidence consisted of statements of declarations made to him by Keller shortly after his arrest. The appellants make the obvious claim that this was hearsay, but the finding does not contain any statement of rulings of the trial court admitting this evidence and there is no basis for a claim at the present time that the court erred in admitting it.

The appellants attack the finding that Keller gave the $2050 which he had taken from Laplansky to Esther Brodach, that she brought it to New Haven, and that it was part of the $5000 deposited by her as bail for Keller, claiming that there was no evidence to support it. Lubin testified that he asked Keller where the money was that he had taken from his father and that Keller replied that he gave it to a woman in New York and said: "Now they caught me, I telegraphed to the woman to go and put bail for me, put a bond for me, just as soon as she comes here if you wouldn't force the case, if you tell your father not to

worry, not to force the case he says things will be straightened out, he will get back his money, the woman has got it. . . . I gave it to that woman, she has got it, as soon as she comes back I will tell the lawyer to tell her to give the money back, if you don't squeeze it, don't worry." Also, in answer to inquiries by the court, the following occurred: "Q. Then you had this conversation in your father's presence with this man who swindled your father? A. Yes. Q. In which he admitted that he gave that $2050 to a lady in—a woman in New York? A. Yes. Q. And that he had telegraphed her to bring that money up here and put it up as a bond so he could get out? A. Yes. Q. Is that it? A. Yes." The only suggestion anywhere in the evidence that the $2050 which it was claimed Keller had taken from Laplansky was a part of the $5000 cash bail deposited by Esther Brodach, was that contained in the inquiry of the court to which the witness answered "Yes." This goes no further than to prove a declaration by Keller that he had telegraphed a woman in New York to bring up the money and put it up as a bond. That the woman, assuming that she was Esther Brodach, did bring up the $2050 given her by Keller and that it was a part of the $5000 cash bail, was not in evidence, and was not an inference which the court was entitled to draw from the evidence given. Proof that his money was included in the $5000 bail deposit was fundamental to the claim which the appellee made, and the lack of it leaves the judgment of the court without essential support.

Even as it stands, the finding does not afford a sufficient basis for the recovery by Laplansky of any portion of the fund. It does not state the circumstances under which Keller secured the money from Laplansky, except that it appears that the latter vol-

untarily turned it over to him. In order to prevail in this action it would be necessary for Laplansky to prove such a legal title to a specific sum of money deposited with the clerk as would prevail over the right of the city to retain it, or an equitable right to its return which would, so far as the record shows, depend upon a finding that the city was chargeable with such knowledge of the transaction between Laplansky and Keller as would make it inequitable for it to withhold the money from him.

There is error and a new trial is ordered.

In this opinion the other judges concurred.