PROFESSIONAL BAIL BONDSMEN — REQUIREMENTS Title 59 O.S. 1301 [59-1301] (1971), et seq. does not require a professional bail bondsman as herein defined to deposit with a court clerk either cash or approved unregistered bonds as security for a jail bond at the time he post a bond in connection with a judicial proceeding. "Approved unregistered bonds" are those bearer bonds approved by the Commissioner as sufficient surety for a bail bond in connection with a judicial proceeding. A professional bondsman may execute a "recognizance" bond as that word is used in 59 O.S. 1306 [59-1306](B) (1971). A recognizance is a bond in the strict sense of the word, and we view same as such within the context of this act. Title 59 O.S. 1316 [59-1316] (1971), allows a professional bondsman to appoint as his agent or give powers of attorney to a cash bondsman, property bondsman, and other professional bondsmen if said bondsmen are directly employed by the professional bondsman. A surety bondsman is an agent and is appointed by an insurer by power of attorney to execute or countersign bail bonds for the insurer in connection with judicial proceedings and therefore, cannot accept a power of attorney from a professional bondsman within the context of 59 O.S. 1316 [59-1316] (1971). Powers of attorney are by character specific, general, and otherwise, and any interpretation of same must come after a review and examination of the authority and terms contained within the instrument of power of attorney mentioned in 59 O.S. 1316 [59-1316] (1971); further, the proper province of this question and the ultimate answer, lies within the scope of powers of the Commissioner to regulate and administer the provisions of this act under the authority of 59 O.S. 1302 [59-1302] (1971). The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Under 59 O.S. 1301 [59-1301](7) (1971), must a professional bail bondsman deposit with a court clerk either cash or approved unregistered bonds as security for a bail bond at the time he posts a bond in connection with a judicial proceeding? "2. What is the meaning of 'approved unregistered bonds' as found in 59 O.S. 1301 [59-1301](7) (1971)? "3. Is a professional bondsman allowed to execute 'recognizance' bonds as that word is used in 59 O.S. 1306 [59-1306](B) ? What, in essence, does 'recognizance' mean when used in the context of the statute? "4. Pursuant to 59 O.S. 1316 [59-1316] (1971), may a professional bail bondsman appoint as his agent or give power of attorney to: (a) surety bondsman, (b) a cash bondsman, (3) a property bondsman, and (d) another professional bondsman? "5. If a professional bondsman gives a power of attorney to another bondsman — is that bondsman authorized to write bonds on the professional bondsman's account?" In response to your questions, a review of the act regulating bail bondsmen and runners is necessary. The act, enacted by Laws 1965, Ch. 184; and effective January 1, 1966, is found at 59 O.S. 1301 [59-1301] (1971), et seq., and designates the State Insurance Commissioner with full power and authority to administer the provisions of the act. As to your first inquiry asking whether a professional bail bondsman must deposit with a court clerk either cash or approved unregistered bonds as security for a bail bond in connection with a judicial proceeding, the provisions of Sections 59 O.S. 1301 [59-1301](7) and 59 O.S. 1306 [59-1306](B), are instructive of this question. Section 59 O.S. 1301 [59-1301](7) defines professional bondsman: " 'Professional bondsman' shall mean any person who has been approved by the Commissioner and who pledges cash or approved unregistered bonds as security for a bail bond in connection with a judicial proceeding and charges and receives money for his services." Section 59 O.S. 1306 [59-1306](B) sets forth pertinent requirements for applicants for professional bondsman licensure. Specifically, Section 59 O.S. 1306 [59-1306](B) provides: "Professional bondsman applicant shall deposit with the commissioner in the same manner as required of domestic insurance companies an amount to be determined by the commissioner, not less than Twenty Thousand Dollars ($20,000.00) but not more than Fifty Thousand Dollars ($50,000.00) Such deposits shall be subject to all laws, rules and regulations as deposits by domestic insurance companies. "Said deposit herein provided for shall constitute a reserve available to meet sums due on forfeiture of any bonds or recognizance executed by such bondsman. If the value of such bonds or securities which have been deposited by any bondsman shall decline below the amount required and fixed by the commissioner, the commissioner shall give notice by registered mail to the bondsman to make a further deposit, so that the aggregate fair market value and par value of all cash securities, or bonds deposited by any such bondsman shall be equal to the amount such bondsman is required to deposit. If within ten days of the receipt of such notice such impairment or reduction has not been made good by such bondsman, then his said license shall terminate." Thus, it is clear from the above provisions when read together, that the professional bondsman makes his deposit with the Commissioner and such deposit is used to meet obligations due on forfeitures of any bonds or recognizances executed by such bondsman. Section 59 O.S. 1301 [59-1301](7), merely provides for the kinds of security that a professional bondsman must pledge as security for a bail bond in connection with a judicial proceeding. This conclusion is consistent with the provisions of Section 1330, providing for forfeiture of bonds and authorizing the Court to direct a copy of an order and judgment of forfeiture to the Commissioner. Your second question asks the meaning of "approved unregistered bonds" within the context of Section 59 O.S. 1301 [59-1301](7). Black's Law Dictionary, 4th Ed. Rev. defines registered bond as follows: "REGISTERED BOND. The bonds of the United States government (and of many municipal and private corporations) are either registered or 'coupon bonds.' In the case of a registered bond, the name of the owner or lawful holder is entered in a register or record, and it is not negotiable or transferable except by an entry on the register, and checks or warrants are sent to the registered holder for the successive installments of interest as they fall due. A bond with interest coupons attached is transferable by mere delivery, and the coupons are payable, as due, to the person who shall present them for payment. But the bond issues of many private corporations now provide that the individual bonds 'may be registered as to principal,' leaving the interest coupons payable to bearer, or that they may be registered as to both principal and interest, at the option of the holder." Thus, while the issuance of some bonds require registration with a regulatory agency or otherwise, and the name of the owner, the intent of Section 59 O.S. 1301 [59-1301](7), is to ensure that there is no legal impediment to the negotiability or transferability and, if there is a breach of the undertaking and the bond is unregistered or a bearer bond, the process is clear to issue execution of forfeiture upon the undertaking in accordance with law. Accordingly, approved unregistered bonds are those bearer bonds approved by the Commissioner as sufficient security for a bail bond in connection with a judicial proceeding. Your third question asking whether a professional bondsman is allowed to execute "recognizance" bonds as that word is used in Section 59 O.S. 1306 [59-1306](B), can be answered by a reading of Section 1306(B). Said section clearly provides that a professional bondsman is to make certain deposits with the Commissioner of Insurance and said deposits herein provided for shall constitute a reserve available to meet sums due on forfeiture of any bonds or recognizance executed by such bondsman. Since this act applies only in criminal proceedings, and the common form by which parties ordinarily become bound in criminal proceedings is the recognizance, a review of the act leaves little doubt that the Legislature did not intend legal significance in the use of the word "bond" and the word "recognizance" and that while in a strict sense the word "bond" and "recognizance" reflect obligations distinct in character, these words are often used interchangeably. New Haven v. Rogers, 32 Conn. 221; In re Brown, 35 Minn. 307, 29 N.W. 131. A recognizance is, therefore, a bond and we view same as such within the context of the act. Your fourth question asking whether a professional bail bondsman can appoint as his agent or give power of attorney to (a) a surety bondsman, (b) a cash bondsman, (c) a property bondsman, and (d) another professional bondsman, must be answered within the context of Section 59 O.S. 1316 [59-1316]. Section 59 O.S. 1316 [59-1316] provides: "A bail bondsman shall not sign nor countersign in blank any bond, nor shall he give a power of attorney to, or otherwise authorize, anyone to countersign his name to bonds unless the person so authorized is a licensed bondsman directly employed by the bondsman giving such power of attorney." It is apparent from the language of the above provision that it was the intent of the Section to allow for the appointment of powers of attorney to the aforementioned bondsmen if the appointee is directly employed by the bondsman with the exception of the surety bondsman, who is an agent and is appointed by an insurer by power of attorney to execute or countersign bail bonds for the insurer in connection with judicial proceedings. Your fifth question asking that if a bondsman gives a power of attorney to another bondsman, is the bondsman receiving the power of attorney authorized to write bonds on the professional bondsman's account, must also be answered within the context of Section 59 O.S. 1316 [59-1316], and cannot be answered definitively by this office. Powers of attorney are by character specific and general, and any interpretation of same must come after a review and examination of the authority and terms contained within the instrument of power of attorney. Moreover, the ultimate answer of this question lies with the Commissioner under the authority of 59 O.S. 1302 [59-1302] (1971). It is, therefore, the opinion of the Attorney General that your first question be answered in the negative in that 59 O.S. 1301 [59-1301] (1971), et seq. does not require a professional bail bondsman as herein defined to deposit with a court clerk either cash or approved unregistered bonds as security for a bail bond at the time he posts a bond in connection with a judicial proceeding. It is further the opinion of the Attorney General that your second question be answered as follows: "Approved unregistered bonds" are those bearer bonds approved by the Commissioner as sufficient security for a bail bond in connection with a judicial proceeding. It is further the opinion of the Attorney General that your third question be answered in the affirmative in that a professional bondsman may execute a "recognizance" bond as that word is used in 59 O.S. 1306 [59-1306](B) (1971). A recognizance is a bond in the strict sense of the word, and we view same as such within the context of this act. It is further the opinion of the Attorney General that your fourth question be answered as follows: 59 O.S. 1316 [59-1316] (1971), allows a professional bondsman to appoint as his agent or give powers of attorney to a cash bondsman, property bondsman, and other professional bondsmen if said bondsmen are directly employed by the professional bondsman. A surety bondsman is an agent and is appointed by an insurer by power of attorney to execute or countersign bail bonds for the insurer in connection with judicial proceedings and therefore, cannot accept a power of attorney from a professional bondsman within the context of 59 O.S. 1316 [59-1316] (1971). It is further the opinion of the Attorney General that your fifth question be answered as follows: No definitive answer can be given of this question since powers of attorney are by character specific, general, and otherwise, and any interpretation of same must come after a review and examination of the authority and terms contained within the instrument of power of attorney mentioned in 59 O.S. 1316 [59-1316] (1971); further, the proper province of this question and the ultimate answer, lies within the scope of powers of the Commissioner to regulate and administer the provisions of this act under the authority of 59 O.S. 1302 [59-1302] (1971). (Nathan J. Gigger)