NANCY CORSON *versus* VAN R. TUTTLE & al.

Where a bond was given under a prosecution for the bastardy act, conditioned that the defendant should appear and abide the order of the Court, and there was an order of commitment upon the failure of the defendant to comply with the order of Court, for the maintenance of the child, and to furnish further security, by virtue of which he was committed, and subsequently discharged by due course of law, by taking the poor debtor's oath ; *it was held*, that this was not a compliance with the condition of the bond, and that his sureties were not discharged.

St. 1831, c. 487, provides only for the enlargement of the accused from prison, when committed, but does not affect his bond.

Unless the principal be surrendered by his bail, in pursuance of St. 1836, c. 210, the bail are not discharged. It is not enough that he is taken in custody by the sheriff.

THIS was an action upon a bond given by order of the magistrate before whom the defendant, Van Rensalaer Tuttle, was brought, upon the complaint of the plaintiff under the bastardy act, and was submitted to the Court upon the following agreed statement of facts : —

The bond was dated Aug. 6, 1839. The condition of the bond, after reciting that the plaintiff, upon her examination on oath, had accused the principal defendant, &c. &c. and that the justice had ordered him to give sureties for his appearance at the next term of the District Court, &c. is as follows :— " Now if the said Van Rensalaer Tuttle shall appear at the said Court, and answer to the said accusation and abide the order thereon, this bond shall be void ; otherwise, shall remain in full force and virtue, &c. " V. R. TUTTLE, (L.S.)

" WENTWORTH TUTTLE." (L.S.)

The complaint referred to in the bond was prosecuted to final judgment. The defendant was convicted, and adjudged to be the father of the child, and ordered to make certain payments specified in the order of the Court, and to give bonds to the plaintiff in the sum of five hundred dollars, and to the inhabitants of Canaan, of which town the plaintiff was an inhabitant, for the same sum. At the time of the rendition of said judgment and the passing of said order, the defendant,

V. R. Tuttle, being in Court and failing to comply with its terms, was ordered into the custody of the sheriff without any objection on his part.

He had not been surrendered in Court at any previous term on his original bond. The sheriff took him into his custody, and he was committed to gaol, whence, after remaining three months, and complying in all respects with the provisions of the act of Feb. 5, 1831, St. 487, § 1, he was discharged by taking the oath before two justices of the peace and the quorum, according to said act.

*Hutchinson,* for the plaintiff. The bond in suit was taken by virtue of the provisions of St. 1821, c. 72, § 1. It does not require the Court to commit on their final adjudication. If the respondent is committed, it does not discharge the surety. *Taylor* v. *Hughes & al.* 3 Greenl. 433. Before the passage of St. 1831, c. 487, there was no mode by which a person committed could be released. This statute was passed to enable him to obtain his liberty; but was not a repeal of the prior legislation on the subject. When committed by order of the Court, it provides for his release from imprisonment. St. 1836, c. 210, § 2, provides, that the surety on the bond may in certain cases surrender the principal; but not having done it, he is unaffected by his discharge.

*Tenney,* for the defendants. The defendant, not complying with the order of Court, was then ordered into custody and committed. The statute of 1831, c. 487, was enacted to obviate the effects of the decision in *Taylor* v. *Hughes & al.* But if the terms of the act are complied with, the plaintiff contends that it does not relieve the sureties. In *Taylor* v. *Hughes & al.* the putative father was not ordered into custody; the only order was to pay, give bonds, &c. and the decision rests on the fact of there being no such order. Here, there being a failure to comply with the first order, the last was substituted therefor. Both orders cannot subsist together; nor can the plaintiff resort to the bond.

By act of 1836, c. 210, § 2, the body of the putative father may be surrendered, and it is immaterial by whom. It

is an idle ceremony for the surety to be present at the surrender. The principal may equally well surrender himself. The object of this statute was to give sureties the same rights as bail at common law. *Champion* v. *Noyes,* 2 Mass. R. 481.

The opinion of the Court was delivered by

WESTON C. J. — The true construction of the condition of such a bond, as is in suit in this case, received the consideration of this Court in *Taylor & ux.* v. *Hughes & al.* 3 Greenl. 433. It was there held expressly, that the condition was not performed, unless the party charged complied with the order of Court, for the maintenance of the child, and for the giving of such security, as is required by law. That case is, in our judgment, a just exposition of the condition of the bond. In that case there was no order of commitment, based upon the failure of the defendant to comply with the order for maintenance, and for further security.

Such an order was made here, which was carried into effect. And it is contended that this was a substituted order, a compliance with which fulfilled the condition, and discharged the sureties. But it appears to us to have been, not a substitution for the first order, but as ancillary to it, and made expressly for its enforcement. It might aid, but could not injure, the sureties. The power of the Court was thereby brought to act upon the principal, to compel him to perform what they had undertaken he should do. If it proved effectual, they were thereby discharged; but if not, they were placed in no worse condition. In the case before cited, it is very manifest from the opinion of MELLEN C. J. that a mere order of commitment would not have the effect to relieve the sureties from their liability.

Nor do we find any thing in the statute of 1831, c. 487, which can affect the bond under consideration. It does not refer to the bond of the accused, or to his sureties. It provides only for his enlargement from prison, where he has been committed, in the manner, and upon the conditions, there prescribed. As the commitment was by order of Court, his discharge therefrom by order of law, varies not the obligation

of the bond, which was required and executed for the benefit of the complainant.

The statute of 1836, c. 210, did provide a mode, by which the sureties might be discharged, upon surrendering their principal, at any time before final judgment. This was not done; and we have no authority to extend the relief there afforded, upon any supposed analogy between their liability and that of bail in civil actions. That analogy would not have discharged them upon such surrender, but for express legislative enactment.

*Judgment for the plaintiff.*