Hendee *v.* Taylor.

LUCIUS J. HENDEE, TREASURER OF THE STATE, *vs.* WILLIAM F. TAYLOR.

A warrant issued by a justice of the peace for the arrest of a criminal, is not invalid because it directs the officer making the arrest to bring the prisoner before the justice signing the same *or some other justice of the peace for the county.*

It seems that if it were invalid in this respect, the whole warrant would not be vitiated by it.

A justice of the peace, upon binding over three prisoners who had been tried together upon the complaint of a grand juror, ordered that *A* should become bound to the treasurer of the state in the sum of $600, and *B* and *C* in the sum of $500 each, "each conditioned that the said *A, B* & *C* shall appear before the superior court, &c." Held, that this order was not to be construed as requiring each of the prisoners to give bond for the appearance of the others as well as himself, but as requiring only that each bond should be conditioned for the appearance of the prisoner giving it.

Inartificial and ungrammatical language in such instruments is not to be construed strictly, but if they will admit of a construction that will make them legal they are to receive it.

A prisoner bound over to the superior court upon a complaint of a grand juror for an assault, gave bond for his appearance before that court and to abide its judgment. He appeared in the superior court, and there the attorney for the state filed an information against him for another offense upon the same facts, but it did not appear that the attorney had abandoned the original complaint. During the trial upon the information the accused absconded, and the court ordered his

bond called and forfeited. Held, that the accused was not legally discharged by the proceedings of the attorney for the state, and that his failure to appear when he was called was a breach of his bond.

SCIRE FACIAS, upon a recognizance entered into by the defendant with Albert Partrick, for the appearance of the latter before the superior court, upon a binding over by a justice of the peace, forfeited in the superior court. The defendant pleaded the general issue, which was closed to the court, with notice of the facts hereinafter stated.

On the trial the plaintiff offered in evidence the record of the proceedings before the justice. The complaint of the grand juror was against Partrick jointly with Philo E. Lewis and John R. Jones, Jr., and contained two counts, one for an assault with intent to kill and the other for a simple assault, committed in the town of Sherman in Fairfield county. The warrant directed the arrest of Partrick, Lewis and Jones, and that they be brought forthwith before the " undersigned authority, or some other justice of the peace within and for Fairfield county," and was signed by Delazon Hungerford, justice of the peace. The parties were arrested upon the warrant and brought before justice Hungerford, and by him tried and bound over to the superior court. The order of the justice, binding them over and requiring bond for their appearance, was as follows :—

" This court, having inquired into the facts stated in said complaint, finds the defendants guilty, in manner and form as is therein alleged, and it is thereupon considered and ordered by said court, that the said Philo E. Lewis shall become bound to the treasurer of the state of Connecticut, with one sufficient surety, in the sum of six hundred dollars, and that the said John R. Jones, Jr., and Albert Partrick shall each become bound to the treasurer of the state of Connecticut, with one sufficient surety, in the sum of five hundred dollars, each conditioned that the said Philo E. Lewis, John R. Jones, Jr., and Albert Partrick, shall appear before the superior court, to be holden in Danbury in Fairfield county, on the second Tuesday of August, 1859, to answer to the matters contained in the fore-

going complaint, and abide the order of said court thereon, and stand committed till sentence be performed."

The record of the recognizance was as follows :—

" Be it remembered, that on the 4th day of August, 1859, personally appeared before me, Delazon Hungerford, a justice of the peace in and for said county, Albert Partrick as principal and William F. Taylor as surety, and acknowledged themselves jointly and severally bound to the treasurer of the state of Connecticut in a recognizance in the sum of five hundred dollars, conditioned that the said Albert Partrick shall appear before the superior court, to be holden at Danbury, within and for the county of Fairfield, on the 2d Tuesday of August, 1859, then and there to answer to the foregoing complaint, charging the said Partrick with the crime of assault with intent to kill, and with assault and battery, and abide the judgment of said court thereon."

The defendant objected to the admission of the record in evidence, on the ground that the warrant was void, because it authorized the officer to bring the persons arrested before any justice of the peace in the county, at his discretion. The court overruled the objection and admitted the evidence.

The defendant then claimed that the bond was void because the order of the justice required bonds to be given by the said Partrick and Jones, each of which should be for the appearance of them both and of the said Lewis before the superior court, thereby requiring them to give bonds as surety for each other. The court overruled the claim and held that the order of the justice did not require such a bond.

It was admitted on the part of the state that Partrick appeared before the superior court, at the term at which he was required by the bond to appear, and that the attorney for the state at that term filed an information against Partrick, Jones and Lewis for the offense of kidnapping ; that the prisoners were not arraigned upon the original complaint nor informed against for the offense therein alledged, but were informed against and arraigned for the offense of kidnapping only ; that upon the information the prisoners were tried, and the cause committed to the jury ; that when the jury

returned into court to render their verdict it was found that the prisoners had absconded and could not be found, and the court thereupon directed their bonds to be called and forfeited, and that the bonds in question were called and forfeited, and that no verdict was taken in the case. It was admitted by the defendant that the transaction for which the prisoners were arrested and bound over before the justice, was in fact the same for which they were arraigned and tried in the superior court. It did not· appear but that it was the intention of the attorney for the state to inform against the prisoners for the lesser offense of assault and battery, if they had been acquitted of the offense of kidnapping. The defendant thereupon claimed that the offense of assault and battery, and the proceedings therefor, including the bond in question, were abandoned by the state's attorney in court, and other proceedings instituted in their stead, and that Partrick was no longer obliged by the bond to continue in court, and that the court had no power to call the bond and declare it forfeited. This claim was also overruled by the court.

Judgment having been rendered for the plaintiff the defendant moved for a new trial.

*Hawley*, with whom was *Taylor*, in support of the motion.

1. The warrant was void. By law the prisoners could be tried only in the town of Sherman. The warrant authorized the officer to take them before any justice in the county. They might by statute be brought for trial before " any proper authority," but it was indispensable that the authority should be named. Rev. Stat., tit. 6, § 197.

2. The order of the justice requiring the bond was not legal. It makes no difference that the bond actually given was in proper form. It was given under an illegal order and therefore under duress. The order will bear no other construction than that the bond of each of the prisoners should be conditioned for the appearance of them all. Such an order is clearly illegal. *Ferry* v. *Burchard*, 21 Conn., 597.

3. The condition of the bond was not broken. Partrick did appear before the superior court, and there the state attorney abandoned the complaint upon which he was bound over.

The crime of kidnapping is wholly a different thing from an assault. The state attorney, by filing a complaint for kidnapping, and none for the crime charged in the complaint, abandoned the latter, and Partrick was no longer held by his bond to remain in court. In a civil case, declaring for a cause of action different from that contained in the original process discharges the bail. Much more should this be the case in a criminal prosecution. 1 Tidd. Prac., 242. 2 id., 992. *De la Cour* v. *Read*, 2 H. Bla., 278. *Wraight* v. *Kitchingman*, 1 Stra., 202. *Levet* v. *Kibblewhite*, 6 Taunt., 483. *Wheelwright* v. *Jutting*, 7 id., 304. *Taylor* v. *Wilkinson*, 3 Ad. & El., 784. *Thompson* v. *Macirone*, 4 Dow. & Ry., 619. *Spalding* v. *Mure*, 6 T. R., 363.

*Ferris*, state attorney, and *Blake*, contra.

1. The warrant was legal. It was in the usual form, a form which has been established by long practice. The statute does not require that the magistrate be named. Rev. Stat., tit. 6, § 157. If the warrant was not sufficient to authorize the trial of the prisoners by any other magistrate but justice Hungerford, it was sufficient for that purpose, and they were in fact tried by him.

2. The order of the justice requiring the bond was good. It is susceptible of a construction which will make it legal, and if so such a construction will be given to it. Bad grammar does not vitiate an instrument if the intention can be understood.

3. Having given the bond the prisoner was bound to appear in court and remain there till legally discharged. It is not found that the state attorney had abandoned the complaint. Merely filing an information for another offense upon the same facts, was not a discharge of the accused, or an abandonment of the old complaint. *State* v. *Stout*, 6 Halst., 124. *Dennard* v. *The State*, 2 Kelly, 137.

HINMAN, J. The first claim of the defendant is, that the original warrant for the arrest of the person for whose appearance the defendant entered into the recognizance now in suit

was void, because it authorized the officer making the arrest to take the prisoners before any justice of the peace for Fairfield county, as well as before justice Hungerford, who issued the warrant, and before whom the persons arrested were in fact taken. We are of opinion, however, that the warrant was not void on that account. If we should admit that the part of the warrant which is claimed to have affected the whole and rendered it a nullity, was itself illegal and inoperative, we do not see upon what principle it could be held to have any operation upon the other portions of the process. On the contrary, as the warrant was legal in every other respect, and was made returnable before justice Hungerford, before whom the prisoners were in fact taken, it appears to us that the illegal part should be treated as mere surplusage, and not be suffered to vitiate that part of the warrant which, taken by itself, was confessedly proper, both in substance and form. But we have no occasion definitely to determine this question, because we are all of opinion that this objection could not prevail had the accused been taken before some other justice of the peace for Fairfield county, who had also taken jurisdiction of the case, and on a hearing had found probable cause for the accusation and had bound them over to answer to it before the superior court.

The language of the statute under which the warrant issued is, that " every justice of the peace may issue process to be served in any part of the state, to apprehend and bring before himself, or before any other proper authority, for trial or examination, any person against whom complaint is made for any criminal offense for which he ought to be brought before such authority." Rev. Stat., tit. 6, § 157. Now, as the authority of one magistrate to make criminal process issued by him returnable before another magistrate is thus expressly given in this statute, it seems to us that the only plausible objection to the warrant must be, that the name of the other magistrate before whom authority was given to take the prisoners, was not stated in it; and if this was a recent statute, or had not received a settled construction, it might undoubtedly admit of a question whether this ought not to be done. The only object however

of requiring this, would be that the accused might be informed of the name of the magistrate, and we perceive no possible benefit that this could be to him, any more than it would be to a criminal to inform him of the name of the judge who is to hold the court to which he is bound over. Besides, warrants of this description are usually returnable, as this was, forthwith, and the hearing must also be in the town where the offense is charged to have been committed. No sufficient time will therefore ordinarily elapse, between the party's arrest and his being brought before the court, to render this information of any appreciable benefit. The objection, therefore, is of the most formal and technical character, and may safely be overlooked without injury to any one. And as this is an ancient statute, the terms of which, as to the point now under consideration, have remained substantially as they now are, and the form of the process used in this case is the one always adopted, and is given in our books of precedents, and we are not aware that heretofore any exception or objection has been taken to it, we are of opinion that this practical recognition of it by the profession and the courts ought now to be considered as sufficient evidence of its correctness. And we do not, therefore, at this day feel called upon to inquire further as to the strict technical accuracy of the form here used, for the purpose of determining whether it ought not to be changed.

It is again objected, that it appears from the recognizance on which the suit is brought, that the magistrate taking it required each of the persons bound over by him for their appearance before the superior court, also to become bound for the appearance of the other defendants before the same court ; and on this ground it is claimed that the recognizance is void. And such undoubtedly would be the case, if such was in fact the requirement of the justice, and the recognizance was entered into under it. Perhaps, by a very strict and literal construction of the language of the recognizance, it is susceptible of that meaning ; but such a construction is opposed to all the general rules for expounding instruments, the great object of which always is, to get at the real intention. In such an instrument language is not ordinarily used in a strict, con-

fined, and technical sense, and thus to construe the instrument would we think lead us away from its real intention. From the terms of the recognizance we are of opinion that it was intended to require each of the obligors, who were bound over for their appearance before the higher court, to furnish surety for his own appearance only at that court, and not for the appearance of the others. The condition is certainly inartificially as well as ungrammatically expressed. But where such is the case, it seems not only to justify, but to require, some departure from technical rules of construction, in order to arrive at the true meaning.

The record shows that each of the persons of whom recognizances were required answered severally to the complaint against him, and they were each separately and distinctly required to become bound with surety for the appearance of each before the higher court. The amounts for which they were to furnish security were also different. And we think that whatever obscurity there is in the language of the condition, arises from an attempt on the part of the magistrate, for the sake of brevity, to express in a single sentence the conditions of all the recognizances, in regard to the appearance of each respectively and severally in the superior court, and, consequently, that there was no intention to require that any one of the defendants should become bound for the appearance of the others. That such was in fact the intention, may not only be inferred from the presumption that it was the intention to require and take a legal, rather than an unauthorized recognizance, but from the fact that each were required to furnish security in different sums; whereas, on the construction claimed by the defendants, the same amount of security was required of each of them, which would also be the largest amount required of any one of them, which obviously could not have been intended. We think therefore that the language of the recognizance should be taken distributively in respect to the appearance of the accused in the superior court, and by so construing it the validity of each of the obligations is sustained, whereas otherwise they would all be invalid; a

result of course which should always be avoided unless the language is such as clearly to require it.

It is claimed, however, that the defendant Partrick did appear, because he was before the court and on trial for another offense at the term to which he was bound over. But his neglect to answer, when required, to the complaint on which he was bound over, was a clear breach of the condition of the recognizance. That complaint was not abandoned, and nothing intervened which amounted to an abandonment of it. It was returned to, and remained in court, to be proceeded with whenever the attorney, under the rules of the court, saw fit to call it up; and, of course, it was the duty of the defendant Partrick, when required, to answer to it. It is therefore no objection that he was called during the prosecution of the information against him for another offense, nor did the pendency of that prosecution affect his duty to appear on the complaint on which he was bound over. If the information on which he had a partial trial included also the crime for which he was bound over, then, without doubt, had he remained in court until a final judgment had been rendered in that cause, a question would have arisen whether any further proceedings could be had against him on the complaint on which he was bound over. But his leaving the court before that trial was finished makes it unnecessary to consider any question of this sort. By our practice a person under a recognizance to appear and abide the order of the court on a complaint, is bound so to appear as to be directly within the power of the court whenever required. It is therefore no answer to say that he was there on one or more occasions when he was required to be so. He should be there on all occasions when lawfully called upon, until his case is disposed of or he is discharged from custody.

We are of opinion, therefore, that the case was correctly decided by the superior court, and a new trial is not advised.

In this opinion the other judges concurred.

New trial not advised.