THE TOWN OF NAUGATUCK vs. IRA BENNETT.

The bastardy act (Gen. Statutes, p. 469, sec. 1,) provides that the justice before whom a complaint under it is brought, if he find probable cause, shall order the defendant to become bound with surety to the complainant to appear before the higher court and abide its order, and on his failing to give such bond shall commit him to jail. The defendant in a suit under the act had entered into a recognizance with surety on an adjournment of the court to appear before the court and abide its order, and was present in court when the justice ordered the bond to be given on the binding over. This bond the defendant refused to give. Held not to constitute a forfeiture of his recognizance to appear and abide the order of the justice court.

The only course allowed the justice by the statute in such a case is to commit the defendant to jail.

[Argued January 16th—decided February 8th, 1884.]

ACTION on a recognizance ; brought to the Court of Common Pleas, and tried to the court before *Torrance, J.* Facts found and judgment rendered for the defendant. Appeal by the plaintiff. The case is fully stated in the opinion.

*J. O'Neil* and *W. Kennedy*, for the plaintiff.

*H. B. Munson* and *H. C. Baldwin*, for the defendant.

CARPENTER, J. This is an action on a recognizance entered into by the defendant with one Smith, conditioned for the appearance of the latter at an adjourned justice court, before which was pending a proceeding against him under the bastardy act. Smith appeared and filed a plea in abatement, which was decided against him, and from that judgment he moved for an appeal. The justice refused to allow the appeal unless Smith would enter into a recognizance with surety conditioned for his personal appearance before the appellate court and that he should abide the order of that court on the complaint and appeal, as in cases of binding over under that act. This he refused to do. The justice thereupon declared the recognizance taken on

the adjournment forfeited. The court then, without further plea by Smith, and against his protest, proceeded to find and did find probable cause for the support of the complaint, and ordered that he should give bonds with surety, to appear before the next Court of Common Pleas for the county and abide the order of that court. The bond was not given.

Afterwards this suit was brought, which came before the Court of Common Pleas by appeal. That court rendered judgment for the defendant, and the plaintiff appealed.

The record presents two questions :—first, whether Smith was entitled to an appeal unconditionally from the judgment against him on the plea in abatement; and secondly, whether the recognizance was forfeited.

The first question we have no occasion to consider ; for, conceding that Smith could not appeal, still we are of the opinion that the recognizance was not forfeited.

The condition of the recognizance was that Smith should appear before the justice " then and there to answer the within and foregoing complaint, and to abide the judgment and order of said court." That was legal and in the usual form. That the accused appeared is not denied. Did he refuse to abide the order of the court? The order, to be obeyed, must conform to the statute. The statute provides that " if the court finds probable cause it shall order such accused person to become bound to the complainant, with surety, to appear before the next court, &c., and abide the order of said court, and, on his failing to do so, shall commit him to jail." Gen. Statutes, p. 469, sec. 1.

The plaintiff claims that by a refusal to give the required bond in connection with the appeal and on the binding over, the recognizance was forfeited, notwithstanding the fact that he was in court ready to be committed to jail under the statute. It is very clear that if there had been no adjournment, and Smith had remained in custody during the trial, he could not have been compelled to give a bond. He might have been unable to procure a surety, or he might voluntarily have waived the advantages of his personal lib-

erty and have submitted to imprisonment while the case was pending. That certainly was his privilege. Now by giving a bond on the adjournment he did not stipulate, and the surety did not undertake, that he would at all events give bonds if bound over, and would not submit to imprisonment. To so interpret it would be in effect to insert in the recognizance something which the proceedings did not call for and which the parties did not contemplate. The only object of the recognizance was to secure the attendance of the party in court and his submission to the judgment. When that was accomplished he stood in the same relation to the court that he did before the adjournment, subject of course to precisely the same proceedings. The statute requires the order of the court to be in the alternative—to procure bonds or stand committed. The recognizance did not change the statute so as to authorize an absolute order to procure bonds. The option was still his—to give bonds or go to jail. A party may be willing to become surety for his friend that he appear in court, but if his undertaking is to be interpreted as importing an agreement that his friend shall at all events procure a surety in a bond on the final determination of the case against him, it injects into the obligation a meaning which the language will not warrant, which the law does not require, and which the parties did not intend. It is obvious that such a construction will work serious hardships in many cases.

A recognizance like this received a judicial construction in *Town of New Haven* v. *Rogers*, 32 Conn., 221. In that case the court by HINMAN, C. J., says :—" And this leads us to remark that the stipulation in recognizances of this description, that the delinquent should abide the order or judgment of the court, could never have been intended to impose upon him any other obligation than that he should, at all proper times, when called upon, either during the progress or at the final determination of the cause, so appear as to place himself in the power of the court, and be ready to suffer any proper punishment that may be imposed upon him."

Upson v. Holmes.

It is of no importance in this case that the principal was not surrendered in court in exoneration of bail. That indeed might have been done and then the bail would have been discharged. If Smith had given bonds as ordered, that too would have discharged bail. His presence openly in court at the time and after he had refused to give bonds, so that he might have been taken and committed to jail, also operated to discharge the recognizance. To work a forfeiture of the recognizance the principal must not only fail to give the required bond, but must also be *non est* when wanted to be committed.

It was the duty of the complainant to have sued out a mittimus and to have caused the accused to be committed. Had that been done, then if Smith had absented himself so that he could not be taken, that would have been a forfeiture of his recognizance. But failing to take the necessary steps to hold him to trial the plaintiff has now no claim on the surety.

In this opinion we assume, without deciding, that the proceedings before the magistrate were regular and valid up to the time of the final decision. Any question as to their validity however is still an open question.

There is no error in the judgment.

In this opinion the other judges concurred.