## THE TOWN OF NAUGATUCK vs. ARTHUR W. SMITH.

A proceeding under the bastardy act (Gen. Statutes, p. 469, secs. 1, 4,) is in form criminal but in its nature civil.

The justice of the peace before whom the case is primarily brought can only bind the defendant over to the higher court, which court can acquire jurisdiction only by this proceeding.

If a plea in abatement is filed before the justice there is no appeal by the defendant from an adverse decision upon it; but the practice is to allow him to renew his objection in the higher court.

The statute provides that on a binding over the justice shall commit the defendant on his failure to give bond for his appearance before the higher court, but this is wholly for the security of the plaintiff and the failure of the justice to commit does not invalidate the binding over.

In the higher court the presence of the defendant is not necessary to its jurisdiction, but the case may be heard and decided in his absence.

[Argued December 1st—decided December 18th, 1885.]

COMPLAINT under the bastardy act; brought before a justice of the peace by the selectmen of the plaintiff town. The defendant was bound over by the justice to the District Court of the district of Waterbury, which court. (*Bradstreet, J.,*) found him guilty. He then appealed the case to the Superior Court for New Haven County, which court (*Torrance, J.,*) affirmed the judgment. The defendant then appealed from the last judgment to this court. The case is fully stated in the opinion.

*H. C. Baldwin*, for the appellant.

*J. O'Neill, Jr.*, for the appellee.

CARPENTER, J. This is a complaint under the statute relating to bastardy. Gen. Statutes, p. 469, secs. 1, 4. The defendant was brought before a justice of the peace; upon an adjournment he gave bonds for his appearance; he appeared, and filed a plea in abatement. The issue on that plea was decided against him. He then moved for an appeal to the District Court of Waterbury, and offered sufficient bonds; but the justice decided that unless he would enter into a bond with sufficient surety in the sum of one thousand dollars, conditioned to prosecute his appeal to effect, and also conditioned to appear personally before the District Court and abide the order of the court in the cause, the appeal would not be allowed. The defendant refused to enter into such bond. Thereupon the court decided that

probable grounds existed for the support of the complaint and ordered the defendant to become bound with surety in the sum of one thousand dollars conditioned that he appear before the District Court. The defendant refused to give such a bond.

Without committing the defendant for want of bonds the justice transmitted copies to the District Court, which were duly entered in the docket thereof, and at the next term, the defendant not appearing, he was defaulted, and, upon hearing had, judgment was rendered for the plaintiff. At the same term and after judgment the defendant appeared in court and appealed to the Superior Court, alleging errors.

A party in default is not ordinarily supposed to be in court for the purpose of appealing from the judgment against him. But the irregularity seems to have been waived, and the Superior Court found no error, and rendered judgment for the appellee.

Two reasons of appeal are alleged, both of which, in effect, deny the jurisdiction of the District Court:—

1. That the justice had no power to find probable cause after the defendant had moved for an appeal from the judgment on the plea in abatement and offered sufficient bonds; and

2. That the District Court erred in proceeding to and rendering judgment as upon a default when the defendant was not before the court.

First, as to the power and duty of the justice. The proceeding is purely statutory. In form it possesses many of the features of a criminal prosecution; in substance it is a proceeding to enforce a civil remedy. It is a special proceeding provided by statute, and is peculiar to this class of cases. The justice has not final jurisdiction; consequently he can render no final judgment. The sole issue, so far as the merits of the case are concerned, is prescribed by statute—the finding of probable cause. Gen. Statutes, p. 469, sec. 1. If a dilatory plea is interposed, as it was in this case, the justice has power incidentally to dispose of it. If

Town of Naugatuck v. Smith.

the plea is overruled the statutory issue remains to be tried, and it is the duty of the justice to try it. That seems to be essential in order to give the higher court jurisdiction. Although final jurisdiction was exclusively in the District Court, yet that jurisdiction was not strictly original. It could take it only as handed to it by a justice of the peace in the statutory manner. The statute does not provide for an appeal from an adverse decision on a plea in abatement. Such a provision would be inconsistent with the general scope and intent of the statute. The general statute relating to appeals, (Gen. Statutes, p. 415, sec. 15,) has reference to causes within the jurisdiction of justices of the peace, and has no application to a case like this, where the justice can only bind over to a higher tribunal. The analogy between this case and criminal cases, in which the justice can only bind over, is striking. In such cases an appeal from a judgment on a plea in abatement is unknown to our practice.

It does not follow however that the defendant may not have the judgment on such a plea reviewed in the higher court. We believe the practice to have been to allow him to renew the objection there. *Davis* v. *Salisbury*, 1 Day, 278; *Chaplin* v. *Huntington*, 6 Conn., 41. In *Hinman* v. *Taylor*, 2 Conn., 357, and in *Hopkins* v. *Plainfield*, 7 Conn., 286, the defendant pleaded in abatement in the County Court. Thus far therefore the proceeding before the justice was regular and proper.

We come now to the second objection, which is that the District Court had no jurisdiction. This objection rests upon the fact that the justice did not commit the defendant for want of bonds. We agree that that is the regular mode pointed out by statute in which the body of the defendant is detained; but his detention is for the plaintiff's security and not for the purpose of retaining jurisdiction. If that is not resorted to the defendant may abscond, and the plaintiff may lose all means of enforcing the judgment. The plaintiff however runs all the risk; the defendant may gain, but he risks nothing by not being committed. He there-

fore is not in a condition to complain. The provision is for the benefit of the plaintiff and he may waive it.

In the District Court the presence of the defendant in court is not essential to its jurisdiction. In that respect it is unlike a criminal prosecution. It closely resembles a civil suit in actions for tort, in which the body may be arrested and held to respond to the judgment. The arrest and detention of the body are for security and not to give jurisdiction. If he is not arrested, or, if arrested and special bail is given, he may, if he chooses, absent himself, and the trial may well proceed without him. He has a right to be there, but it is a privilege which he may waive. By waiving it he in no manner impairs or affects injuriously the plaintiff's rights.

Moreover, it is apparent that he was not altogether absent. At each time when an order for his arrest was asked for counsel interceded in his behalf. A motion was made in his interest to erase the case from the docket for want of jurisdiction; and when judgment was rendered against him he was promptly present for the purpose of appealing. With these facts before us perhaps he might properly be regarded as present, if necessary, for all purposes. But it is not necessary, for jurisdiction did not depend upon his presence.

There is no error.

In this opinion the other judges concurred.