MARCIA B. GODING *vs.* MILTON BECKWITH, et als.

Androscoggin.    Opinion October 27, 1917.

*Release of surety on a bond in a bastardy complaint.   What constitutes a final judgment in a bastardy complaint.   Meaning of "surrender into court."   Time of surrendering principal on bond in court in order for sureties to be released.   Amount of judgment to be rendered on bond.*
*Amount of execution to be issued on such judgment.*

In an action of debt against the principal and sureties on a bastardy bond executed in accordance with R. S., (1903) Chap. 99, Sec. 3, the presiding Justice directed a verdict for the plaintiff.   Upon exceptions by defendant,

*Held:*

1. That after the signing of the bond the sureties had the election either to surrender the accused into court at any time before final judgment and be discharged, or to satisfy the judgment after it was rendered.

2. The decree of filiation signed by the presiding Justice and entered on the docket in open court constituted the final judgment of the court.

3. When the final judgment was rendered the right to surrender the accused into court ceased.

4. That after the decree was agreed upon, what took place between counsel did not constitute a waiver on the part of the complainant nor release the sureties from their legal obligations under the bond.

Action of debt on a bond given in a complaint in bastardy. Defendants filed plea of general issue and also brief statement. At the conclusion of the evidence, the court directed a verdict for the plaintiff, to which ruling defendants filed exceptions. Exceptions overruled. Judgment in accordance with opinion.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Harrie L. Webber,* for defendants.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

CORNISH, C. J. Action of debt against the principal and sureties in a bastardy bond dated November 14, 1915, and executed in accordance with R. S. (1903), Chap, 99, Sec. 3. The conditions were for the appearance of the principal defendant Beckwith at the January term, 1916, of the Supreme Judicial Court for Androscoggin County and his abiding the order of the court in the bastardy proceedings.

It appears that the complaint was entered at the January term and continued to the April term, 1916, under Sec. 4 of the same chapter. At the latter term Beckwith, the accused, was present in court with his counsel as if for trial. The sureties were also present in the court room. Before the case was called for trial Beckwith and his attorney together with the attorney for the complainant retired for a conference in the Judge's room and a form of decree was agreed upon which obviated the necessity of a trial. Thereupon the presiding Justice returned to the court room and his decree of filiation, as agreed upon by the parties and signed by him, was read and entered in open court. This decree adjudicated the paternity of the child and provided for the payment of expenses already incurred and for its future support. This constituted the final judgment of the Court. *Doyen* v. *Leavitt,* 76 Maine, 247; *Corson* v. *Dunlap,* 80 Maine, 354; *Brett* v. *Murphy,* 80 Maine, 358.

The rights and obligations of the sureties at that juncture are well settled. After the signing of the bond the sureties had the election either to surrender the accused in court at any time before final judgment, and be discharged, as provided in R. S., Chap. 99, Sec. 4, or to satisfy the judgment after it was rendered. The sureties admit that they did not surrender the accused in court. True they were present

in the court room with the accused as were doubtless many other spectators. The court was probably ignorant of their presence. They were not parties to the pending suit. To satisfy the statute there must be a formal surrender on the part of the sureties and an exoneration entered on the docket in discharging the bail. *Blood* v. *Morrill*, 17 Vt., 598; *Humphrey* v. *Karson*, 26 Vt., 760. Some such formal step is necessary so that the complainant may have knowledge of the fact and protect her rights, and the accused may be committed until a new bond is given, as the statute provides.

When the final judgment was entered in this case the right of surrender into court ceased, and there remained the other obligation which was "the performance of the order of Court consequent on the adjudication of the accused as the reputed father of the child." *Taylor* v. *Hughes*, 3 Maine, 433; *Corson* v. *Tuttle*, 19 Maine, 409. The sureties "are not authorized to delay action until they learn what the judgment is and then elect whether to satisfy it or surrender the principal. The statute says they must elect before judgment." *Brett* v. *Murphy*, 80 Maine, 358, 361.

The sureties in this action plead neither surrender nor performance, but they contend that after the decree of filiation was drawn up and agreed upon, counsel for the complainant agreed with counsel for the accused to give the accused until the end of the term to pay the amount due and furnish new bond, that thereby the complainant waived the terms of the order without the consent of the sureties and the sureties were relieved from the condition of the bond which compelled them to abide the order of court.

The fact that such an agreement was made, or understanding arrived at was emphatically denied in evidence by the counsel for the complainant, but that issue it is unnecessary to determine. Granting that the agreement was made it did not release these defendants from their legal obligations under the bond. There was no consideration for such an agreement, and therefore it was not a binding contract. At the best it was a mere consent to forbear for a time the strict performance of the terms of the order, but it was non-enforcible and therefore the legal rights of the sureties on the bond were in no way affected by it. *Leavitt* v. *Savage*, 16 Maine, 72; *Berry* v. *Pullen*, 69 Maine, 101; *Thorn* v. *Pinkham*, 84 Maine, 101; *Bank* v. *Blake*, 113 Maine, 313. If their rights were unaffected, so were their obligations.

The sureties having failed to surrender their principal before final judgment and to comply with the order of court after final judgment, the presiding Justice did not err in directing a verdict for the plaintiff in the penal sum of the bond. *Hodge* v. *Hodgdon*, 8 Cush., 294. Execution however should issue only for such damages as accrued under the order of court. *Corson* v. *Dunlap*, 80 Maine, 354-358; *Same* v. *Same*, 83 Maine, 32.

*Exceptions overruled.*

