FANNIE NOTARGIOVANNI, P. P. A., *vs.* JOSEPH MARTUCCI ET ALS.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

Although the only bond required by statute of the defendant in a bastardy action is the one to be given when he is bound over by the justice of the peace to a higher court, the necessity and propriety of also ordering a bond to ensure his attendance at adjourned sessions of the justice court have long been recognized.

The sole issue before the justice of the peace in a bastardy action is the finding of probable cause or the lack of it.

The complaint alleged that when the defendant M appeared before a justice of the peace to answer to a bastardy complaint and requested a continuance, he, as principal, and the other defendants, as sureties, executed the bond upon which the present action was brought, conditioned upon his appearance before the justice "at all times designated for the trial of said charges"; that at a subsequent request for a continuance the defendants stipulated in writing that the bond should be extended "for any continuance of said case and until case is finally disposed of"; and that thereafter M failed to appear in person either at the adjourned hearing before the justice when he was bound over to the Court of Common Pleas and ordered to file another bond to abide its decision, or at the trial in the latter court where final judgment was entered against him; and that the execution and

mittimus issued upon this judgment were returned unsatisfied. *Held* that this complaint was not demurrable, since the terms of the bond as therein alleged, read in connection with the written stipulation and in the light of the conduct and circumstances of the parties, were intended to cover not only the proceedings in the justice court but also those in the Court of Common Pleas.

The bond itself, however, which was made part of a substituted complaint after demurrer sustained, recited that it was conditioned upon the appearance of the defendant before the justice at a certain date only, and not, as alleged in the complaint, "at all times designated." *Quære,* whether this would not indicate that the parties intended the written stipulation to apply only to all continued hearings in the justice court without reference to proceedings subsequent thereto.

Argued October 29th—decided December 16th, 1926.

ACTION upon a bond given in a bastardy action, brought to the Court of Common Pleas for New Haven County where the defendants' demurrer to the complaint was sustained (*Booth, J.*) and the defendants' motion to strike the substituted complaint from the files was granted, and upon the refusal of the plaintiff to plead further, judgment was rendered for the defendants (*Pickett, J.*), from which the plaintiff appealed. *Error and cause remanded.*

*Harry L. Edlin,* with whom was *John Henry Sheehan,* for the appellant (plaintiff).

*Franklin Coeller,* for the appellees (defendants).

HINMAN, J. The allegations of the complaint which are material to the demurrers were: that at the appearance of the defendant Joseph Martucci before a justice of the peace, on or about April 7th, 1924, upon a request for continuance, by order of the justice Martucci became bound with sureties, the defendants Salvatore and Louise Martucci, in the amount of $2,000, to Fannie Notargiovanni, the complainant, conditioned that he would appear and answer to the

charges in the complaint, before the justice, "at all times designated for the trial of said charges"; that upon a subsequent requested continuance defendants executed a stipulation that the bond be extended so that the sureties and principal "will continue liability on same in every manner for any continuance of said case and until case is finally disposed of"; that on May 12th, 1924, the defendant having failed to appear in person and his attorney having withdrawn after denial of his motion for a trial by jury of issues of fact on a plea in abatement, the justice of the peace to whom the case had been transferred heard the complaint, found probable cause, and ordered that the defendant become bound in a recognizance in the sum of $2,000 to appear before the Court of Common Pleas "then and there to answer the charges . . . in said complaint and [abide] by the decision of said court thereon, and stand committed until sentence be complied with"; that the papers were then turned over to the Court of Common Pleas and after various proceedings the case was tried to the court and final judgment entered for the plaintiff, and that the defendant pay the judgment or in default thereof be committed to jail. The defendant was represented by counsel, but did not himself appear. An execution and mittimus were thereafter issued and returned unsatisfied.

The sustained grounds of demurrer to the complaint were, in substance, that the bond and stipulation in question did not extend to and secure appearance by the defendant Joseph Martucci before the Court of Common Pleas; that because it is not alleged that the bond was called or a mittimus issued by the justice after finding probable cause and binding over, the complaint failed to set forth facts which constitute a forfeiture of the bond; and that the rights of the plaintiff under the bond given were waived by failure

to procure such forfeiture and by thereafter proceeding to trial and judgment in the Court of Common Pleas. The sufficiency of the complaint in these respects depends largely upon the construction and legal effect of the bond as therein alleged.

Section 6006 of the General Statutes provides that if the justice court finds probable cause it shall order the accused person "to become bound to the complainant with surety to appear before" the specified higher court "and abide the order of said court, and on his failure so to do shall commit him to jail." While the statute expressly provides only for a bond on binding over, the necessity and propriety of taking a bond or recognizance for the future attendance of the accused at adjourned sessions of the justice court have long been recognized, and such a bond held valid, as well as one given when the accused is bound over to a higher court. *New Haven* v. *Rogers,* 32 Conn. 220, 223.

A bond such as is here alleged to have been given undoubtedly imposed an obligation that Joseph Martucci should at all proper times when called upon so appear before the justice court as to place himself in its power and be ready to comply with its orders. The question is whether that is the extent of the scope and effect of the bond or whether it and the stipulation entered into with reference thereto are also effective as constituting the prescribed bond to appear before and abide the order of the Court of Common Pleas.

There is, as above stated, no express statutory requirement of separate bonds or recognizances before and after binding over. Neither is there such inherent inconsistency of nature and purposes between such bonds as to preclude combining the obligations of both in one instrument or extending, by stipulation, the obligation of an appearance bond so as to cover not

only the proceedings in the justice court but also those upon binding over.

A justice of the peace has no final jurisdiction in bastardy cases; the sole issue before him is the finding of probable cause or lack of it. *Naugatuck* v. *Smith,* 53 Conn. 523, 525, 3 Atl. 550. Hence if the stipulation that liability on the bond should continue "until case is finally disposed of" be regarded as having reference to a final judgment, such a stipulation would be unnecessary for any purpose pertaining to proceedings before the justice, but would be consistent with and, on its face, not unadapted to an extension of the obligation of subjection to the power of the court up to and including final judgment in the higher court.

The failure of the justice of the peace to require a new bond on binding over, the coincidence between the amount ($2,000) of the bond previously given and that specified on binding over, the omission of the plaintiff to move for a mittimus for failure to give a new bond, and the appearance and contest which, it appears, the accused made by counsel in the proceedings in the Court of Common Pleas, may not be without significance as to the intent and understanding of the parties. These facts are, at least, to be taken into account in considering whether, as the trial court held, the requisite intent of the plaintiff to waive her rights under the bond, by failing to procure a mittimus upon defendant's failure to give a new bond on binding over, is a necessary inference from the facts alleged. Therefore the allegations of the complaint are such as not, necessarily, to exclude a conclusion that the bond sued upon was intended to and did extend to and secure appearance before and compliance with the orders of the Court of Common Pleas. If this be so, no steps, by mittimus or otherwise, before the justice court, would be necessary to create a forfeiture, the issue and

return of the Common Pleas mittimus being sufficient to that end, and the course of the plaintiff in proceeding before the latter court could work no estoppel, nor waiver of her rights under the bond. The demurrers should have been overruled.

After demurrers sustained the plaintiff filed a substituted complaint which the defendants moved to strike from the files on the ground that the allegations thereof were identical with those of the original complaint, and this motion was granted. Inspection of the substituted complaint discloses, however, at least two material departures from the original. It alleges that the obligation created by the bond and stipulation was intended by all of the parties to cover appearance at all hearings until final disposition of the case before the Court of Common Pleas. This allegation is clearly directed and adapted to the construction to be given the words "until case is finally disposed of"—as to whether, as claimed by the plaintiff, final judgment in the Court of Common Pleas was contemplated, or, as the defendants contended, was synonymous with "final determination of the cause" before the justice of the peace. *New Haven* v. *Rogers, supra,* p. 225. The bond and stipulation were also made part of the substituted complaint and as such are printed in the record, and we may consider them in this connection, although not in regard to the sufficiency of the original complaint. Perusal of the bond discloses that its express condition was for the appearance of Martucci before the justice only on April 26th, 1924, instead of "at all times designated" by the justice as alleged in the original complaint. Under *New Haven* v. *Rogers, supra,* the legal effect of the original bond would be as so alleged, but the variance between the language indicated by the complaint and that of the bond itself may not be without effect upon the incentive of the

parties to extend the scope of the bond and their intent as to the extent thereof. If the bond had expressly secured appearance at all continuances of the case before the justice there would have been no occasion, even in the absence of knowledge of the legal effect above mentioned, to extend the obligation with reference to future appearances in the justice court. On the other hand, the express condition to appear on a day certain, only, might have led the parties to stipulate with a view merely to continued hearings before the justice without contemplation of proceedings subsequent thereto.

Of course, in view of our conclusion as to the decision on the demurrers, the only purpose of the foregoing observations as to the substituted complaint is such assistance as they may afford in subsequent proceedings.

There is error, the judgment is set aside and the cause remanded, with directions to overrule the demurrers, and to be proceeded with according to law.

In this opinion the other judges concurred.