EMMA WHITE *v.* WILLIAM P. J. KEILTY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided November 7, 1941.

*John H. Cassidy,* for the appellant (defendant).

*Harry M. Albert,* with whom, on the brief, was *Michael V. Blansfield,* for the appellee (plaintiff).

MALTBIE, C. J.   The defendant, as surety, became bound in the sum of $1000 in a recognizance to the plaintiff on condition that Eugene W. Keilty, the principal, would appear before the next term of the Court of Common Pleas for the judicial district of Waterbury, to be held on the first Tuesday of September, 1938, then and there to answer the charges contained in a bastardy complaint brought by the plaintiff against the principal in the recognizance "and abide the decision of the court thereon."   The accused appeared at the trial.   The court reserved its decision. Thereafter judgment in the bastardy action was rendered against the accused and it was ordered that he pay $14.50 and the costs of suit and $4 a week for fourteen years from the date of the judgment, that the clerk issue execution therefor monthly, and that he give a bond in the sum of $2000 with sufficient surety to secure the performance of the judgment and to indemnify the town of Waterbury for any expenses incurred in the maintenance of the child.   The accused was given prompt notice of the judgment rendered. Execution upon the judgment was issued and this included a direction to take the body of the accused if property could not be found, but it was returned unsatisfied.   The bond directed in the judgment has never been given.   In this action judgment was rendered that the plaintiff recover the amount stated in the recognizance given by the defendant, $1000, with interest, and the defendant has appealed.

The bastardy statute in effect when this action was brought provided that upon a finding of probable cause the court "shall order such accused person to become bound to the complainant with surety to appear before the next court of common pleas for the county in which the complainant shall dwell, . . . and abide the order of such court, and, on his failure

to do so, shall commit him to jail"; with a provision
that, if the complainant dwells within the judicial
district of Waterbury, the accused shall be bound to
appear before the next Court of Common Pleas in that
district. General Statutes, § 5867. The statutes fur-
ther provided that if the defendant should be found
guilty by the Court of Common Pleas it "shall order
him to stand charged with the maintenance of such
child, with the assistance of the mother, and to pay
a certain sum weekly, for such time as the court shall
judge proper, and order that the clerk of the court
shall issue execution for the same monthly; and the
court shall ascertain the expense of lying-in and of
nursing the child until the time of rendering judg-
ment, and order him to pay half thereof to the com-
plainant, and shall grant execution for the same and
costs of suit; and may require him to become bound
with sufficient surety to perform such orders for main-
tenance and the expense of lying-in and nursing and
to indemnify the town chargeable with the support of
such child from any expense for its maintenance, and,
if he shall fail to comply with any such order, may
commit him to jail, there to remain until he shall
comply therewith." General Statutes, § 5869.

In *Hendee* v. *Taylor*, 29 Conn. 448, we had before
us a recognizance taken in a criminal case that the
accused would appear before the court and abide its
order, and we said (p. 456): "By our practice a person
under a recognizance to appear and abide the order
of the court on a complaint, is bound so to appear as
to be directly within the power of the court whenever
required. It is therefore no answer to say that he was
there on one or more occasions when he was required
to be so. He should be there on all occasions when
lawfully called upon, until his case is disposed of or
he is discharged from custody." In *Town of New*

*Haven* v. *Rogers,* 32 Conn. 221, the question before us was whether a recognizance given in a bastardy action that the accused should appear at a session of the court and abide its order required his appearance at a later time to which the session was adjourned; at that time the statute did not require that the recognizance include a provision that the accused, in addition to appearing, should also abide the order of the court but we found sanction for such a bond in long practice. We referred to the words above quoted from *Hendee* v. *Taylor,* and said of the recognizance before us (p. 225): "The object of taking the recognizance was to relieve Brooks [the accused] from actual custody and imprisonment, and to secure his appearance whenever wanted for the purposes of trial or to receive the judgment of the court; and the liability of his surety should secure this or it would be so inconvenient in practice as to be of little avail. . . . And this leads us to remark that the stipulation in recognizances of this description, that the delinquent should abide the order or judgment of the court, could never have been intended to impose upon him any other obligation than that he should, at all proper times, when called upon, either during the progress or at the final determination of the cause, so appear as to place himself in the power of the court, and be ready to suffer any proper punishment that may be imposed upon him."

In *Town of Naugatuck* v. *Bennett,* 51 Conn. 497, the accused in a bastardy action, with the defendant as surety, entered into a recognizance that he would appear at an adjourned session of a justice court and abide the judgment. At the adjourned session the justice found probable cause, bound him over to the Court of Common Pleas, and directed that he give bond to appear before that court. He was present

when this order was made, but refused to give the bond. An action was brought against the defendant on the recognizance and judgment was given against him. We held that the recognizance was not forfeited. We referred to *Hendee* v. *Taylor,* supra, and said (p. 499): "The only object of the recognizance was to secure the attendance of the party in court and his submission to the judgment. . . . A party may be willing to become surety for his friend that he appear in court, but if his undertaking is to be interpreted as importing an agreement that his friend shall at all events procure a surety in a bond on the final determination of the case against him, it injects into the obligation a meaning which the language will not warrant, which the law does not require, and which the parties did not intend. It is obvious that such a construction will work serious hardships in many cases. . . . It is of no importance in this case that the principal was not surrendered in court in exoneration of bail. That indeed might have been done and then the bail would have been discharged. If Smith had given bonds as ordered, that too would have discharged bail. His presence openly in court at the time and after he had refused to give bonds, so that he might have been taken and committed to jail, also operated to discharge the recognizance. To work a forfeiture of the recognizance the principal must not only fail to give the required bond, but must also be *non est* when wanted to be committed. It was the duty of the complainant to have sued out a mittimus and to have caused the accused to be committed. Had that been done, then if Smith [the accused] had absented himself so that he could not be taken, that would have been a forfeiture of his recognizance. But failing to take the necessary steps to hold him to trial the plaintiff has now no claim on the surety." See

*Notargiovanni* v. *Martucci,* 105 Conn. 386, 389, 135 Atl. 290.

These decisions make it clear that the obligation of the defendant under the recognizance did not include the duty of seeing that the accused conformed to the judgment by making the payments required of him. Indeed the terms of the statute clearly show that the legislature contemplated that such payments were to be secured by a bond given on the final hearing and not by the recognizance for the appearance of the accused before the court. The statutes make a distinction between process by execution to collect the amounts ordered to be paid and process by mittimus for the committal of the accused to jail should he fail to comply with the order of the court to file a bond to secure those payments. This distinction is apparent from the fact that imprisonment under them is governed by different and divergent statutes. General Statutes, §§ 5873, 5874; §§ 5801, 2026 et seq. The execution against the body was merely a means to collect the payments due, and failure to apprehend the body of the accused upon such an execution does not make the defendant liable to pay them. If the accused is present when the judgment is given and refuses to give the bond for support which the court has ordered, he is at once amenable to commitment and the obligation of the surety on the recognizance is discharged; but he need not be present at that time; *Town of Naugatuck* v. *Smith,* 53 Conn. 523, 527, 3 Atl. 550; and if he is not and fails to give the bond within a time provided in the judgment or, if no time is fixed, within a reasonable time, a mittimus for his committal to jail may be issued. See Connecticut Civil Officer (17th Ed.), p. 300. If he is not forthcoming for service of that mittimus upon him, there is a

breach of the recognizance and the surety becomes liable.

In Maine and Vermont the obligation assumed under similar bonds in bastardy actions has been held to be broader than we have stated it. *Taylor* v. *Hughes,* 3 Me. 433, 434; *Corson* v. *Tuttle,* 19 Me. 409, 411; *Goding* v. *Beckwith,* 116 Me. 396, 102 Atl. 105; *Simmons* v. *Adams and Parmalee,* 15 Vt. 677, 681. In Massachusetts, despite some statements indicating that the court construed the obligation in the same way as it has been construed in Maine and Vermont, the law of that state is brought into general accord with ours by the decision of *Towns* v. *Hale,* 68 Mass. 199; and this represents the weight of authority where bonds of like form to that required by our law are involved. *McGarry* v. *State,* 37 Kan. 9, 12, 14 Pac. 491; *Porter* v. *State,* 23 Ohio St. 320, 331; *Gebhart* v. *Drake,* 24 Ohio St. 177, 180; 7 C. J. 984; 10 C. J. S. 163. In Massachusetts and at least some others of the states whose decisions we have cited, it is held that the accused must voluntarily surrender himself or the surety must bring him into court in order to meet the condition of the recognizance. The judgment before the court in *Towns* v. *Hale,* supra, provided that the accused should give the requisite bond and should be committed until he do so. Under our statutes, the usual judgment merely requires that the accused file the requisite bond; Practice Book, p. 391; and a mittimus issues only after he has had an opportunity but has failed to do so. It is in the power of the surety to surrender the accused to the sheriff at any time until the bond has been given. So if the judgment should require that the accused should appear in court to offer a bond or be committed at a certain time, as no doubt it could, failure at that time might well be regarded as fixing the rights of the parties; but such

a provision in the judgment is not required by the statute, nor is it customary. In the absence of such circumstances, the accused, under our law, is not liable to committal until a mittimus is issued, and it is for the plaintiff to take the initiative to secure its issuance. Until that is done and the accused fails to make himself, or the surety fails to see that he becomes, amenable to its service, the condition of the recognizance that he appear and abide the judgment of the court has not been broken.

It does not appear from the record in this case that any mittimus for the committal of the accused was ever issued, and consequently there was no basis for a conclusion that the condition of the recognizance had been broken. We are placed in a somewhat difficult position in disposing of the appeal because counsel for the defendant has treated the issuance of the execution, with its direction for a body attachment, as the equivalent of a mittimus for the committal of the accused. For aught that appears the mittimus might still issue and we shall disregard this misconception of the issues. We therefore hold that the trial court was in error in giving judgment for the plaintiff upon the case as presented to it.

Our conclusion renders it unnecessary to consider the specific errors assigned except as they might be involved in further proceedings. Upon the failure of the accused to be forthcoming to be taken on the mittimus, the obligation of the defendant would become fixed and satisfaction of that obligation would discharge him from further liability. *Brett* v. *Murphy*, 80 Me. 358, 362, 14 Atl. 934. The plaintiff would have become entitled under the terms of the judgment to the payment of amounts in the future which, even upon the basis of their present value, would exceed the sum stated in the recognizance. This

limits the amount of the recovery. *Carter* v. *Carter*, 4 Day 30, 36. We do not, therefore, consider whether the recognizance falls within the provisions of § 5669 of the General Statutes that in an action on a penal bond only such damages as are equitably due shall be recovered.

The statute contemplates that the payments under a judgment for the support of the child should be made to the mother, the recognizance sued on ran to the mother, and any damages recovered on it should be paid to her, or, if she is a minor, to a guardian of her estate. *Rutkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 55, 123 Atl. 25. The statute requires that the bond given on final judgment shall provide indemnification of the town chargeable with the support of the child for any expense for its maintenance, and that, if a sufficient bond to provide such indemnity is not furnished, the town may institute proceedings or become a party to those instituted by the mother. General Statutes, §§ 5869, 5871. The town is not a necessary party to proceedings instituted by the mother; if it does not become a party the bond should, nevertheless, contain the provision for its indemnity but should run to the mother; General Statutes, § 5871; and in such a case the town is in the position of a third party beneficiary to the contract in so far as the provision for its indemnity is concerned. *Baurer* v. *Devenis*, 99 Conn. 203, 205, 121 Atl. 566; *Brill* v. *Brill*, 282 Pa. 276, 127 Atl. 840.

There is error and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.