ROSE BEAL, etc.
(by Josephine Beal)
*vs.*
JAMES E. ROSS

Court of Common Pleas     Fairfield County     File No. 43399

MEMORANDUM FILED JUNE 8, 1943.

*Samuel Engelman,* of Bridgeport, for the Plaintiffs.

*David R. Lessler,* and *Brennan & Brennan,* of Bridgeport, for the Defendant.

CULLINAN, J.  On December 23, 1942, the defendant was found guilty on a complaint alleging him to be the father of a bastard child born to the plaintiff. Pursuant to such

finding, the defendant was ordered to pay fixed lying-in charges, the expense of maintaining the child from the date of its birth to the date of judgment, and the sum of $5.00 per week from the date of judgment until such child shall reach the age of 16 years. Further, the plaintiff was ordered to become bound with sufficient surety in the sum of $1,500 to secure performance of the above order.

Thereafter a mittimus was issued, and on January 7, 1943, the defendant was committed to the Fairfield County Jail by reason of his failure to furnish the essential bond. His confinement has continued to date.

The defendant, by written petition, seeks suspension of further execution of the mittimus, assigning as reason therefor, personal and family inability to secure the required bond. This petition has met the earnest opposition of the plaintiff, acting through her attorney.

Attention is directed to section 5873 of the General Statutes, Revision of 1930, wherein is contained the following language: "No person committed to jail for failure to comply with an order of the court [providing for the support and maintenance of a bastard child].... shall be entitled to any of the privileges allowed other prisoners on civil process, or to take the oath provided for poor debtors, within six months from the date of such commitment, but shall be kept at hard labor during such six months...."

A careful analysis and consideration of the foregoing language appears to leave no discretion with the committing court. Either the order for support, including the furnishing of a bond when required, is complied with in its entirety, or the non-complying defendant stands committed to jail for a period of not less than six months, unless, of course, in the interim, he is able to bring about compliance.

It has been long the settled law of this State that our statutory bastardy proceedings are civil and not criminal in their nature. *Town of Naugatuck vs. Smith*, 53 Conn. 523; *Town of Hamden vs. Merwin*, 54 id. 418; *Town of Hamden vs. Collins*, 85 id. 327.

This being so, counsel for the defendant urges his release on the theory that the General Assembly never intended confinement to the point or degree where it might be said to

constitute a criminal penalty. In effect, says the defendant, retributive justice is being exacted of him.

However appealing may be the defendant's situation, however logical may be the claims of his counsel, however meritorious may be the petition for relief, nevertheless I am confronted with a clear and explicit legislative mandate. This cannot be ignored.

The defendant has failed to comply with the order of court. The defendant has not been confined for a period aggregating six months. Therefore, the petition is denied.