A bastardy action between the plaintiff and Jesse Edwards was returned to the June, 1952, term of court, Docket No. 56598. Jesse Edwards was bound over to the Court of Common Pleas from the City and Police Court of the city of Hartford (City Court Division) on May 5, 1952. Defendant Philmore Trautman became surety on an appearance recognizance taken by the City Court to the plaintiff in the amount of $1000.
Plaintiff delivered a child on June 19, 1952. On November 19, 1953, the case was heard. Defendant Edwards failed to appear. Bond was called. Bondsman was notified in open court that bond was called.
After a hearing, the court found defendant was guilty as alleged in complaint; that the mother was a resident of Hartford; that one-half the lying-in *Page 129 
expenses are $62.50, and further the court ordered $8 per week paid by the defendant until the child reaches sixteen years of age. A new bond of $1000 was also ordered to secure compliance with the order and to indemnify the town of Hartford for all expenses for the maintenance of said child.
Defendant having failed to comply with the order of the court, a motion for mittimus was made and granted. The mittimus was returned non est on April 2, 1954. Thereupon the instant action against the surety was brought to the May term of this court claiming demand and refusal to pay said $1000 bond.
Plaintiff claims the principal caused a forfeiture of the bond of $1000 because he defaulted his appearance. Plaintiff claims a breach of the condition of the recognizance has been established.
The principal and surety by their recognizance east upon themselves the burden of "appearing before the Court of Common Pleas for Hartford County on the 1st Tuesday of June, 1952, or at any adjournment of said cause in said court then and there to answer unto the within complaint and abide the decision of the court therein." The defendant surety claims his principal was available for appearance before the court on the first Tuesday of June, 1952, and for many months thereafter.
The answer to this argument of the defendant is the case of New Haven v. Rogers, 32 Conn. 221, 224. The condition to "abide the judgment of the court" is not satisfied by a mere appearance of the defendant at the adjourned court, but he must appear at all times fixed by future adjournments and whenever required by the court. When the court had the bond called, a breach of this condition was evidenced. The bondsman, being in court, was put on notice to produce the principal. It is perhaps true that he did not have to be present at the hearing of the *Page 130 
cause on its merits. Naugatuck v. Smith, 53 Conn. 523,527. But the principal does work a forfeiture on his recognizance when he fails to give the bond required by the court and is non est when wanted to be committed for failure to abide the decision of the court. White v. Keilty, 128 Conn. 313.
The undertaking of the recognizance is that the accused appear before the court and be amenable to its judgment. His failure to give the bond ordered by the court judgment within a reasonable time, and also his failure to be available for the service of the mittimus upon him constitute breaches of the recognizance and the surety becomes liable.
We now approach the problem of the measure of damages. The defendant urges General Statutes, § 7984, upon us. He further says that the maximum amount of the judgment would be $1000. The court is in agreement that the obligation of the surety is fixed at the sum of $1000, had it been paid at the time of demand. Failing that, interest is chargeable and due the plaintiff from the date of breach.
In the earlier bastardy action, judgment was entered on November 19, 1953. Plaintiff was entitled to $62.50, plus nursing expenses to the date of judgment. No evidence on the amount of nursing expense from June 19, 1952, to November 19, 1953, was offered. At least seventy-four weeks are involved here. From November 19, 1953, to the date of this judgment approximately forty-four weeks have run, at $8 per week. A bill of costs might reasonably total $65.00. We do not decide whether § 7984 applies to this type of case. Under that statute plaintiff would be entitled to no more than the amount of the recognizance. But equitably the court might order some amount for the period of seventy-four weeks between the date of birth and the date of judgment. *Page 131 
The plaintiff would have become entitled under the terms of the judgment to the payment of amounts in the future which, even upon the basis of their present value, would exceed the sum stated in the recognizance. White v. Keilty, 128 Conn. 313,321.
The amount stated in the recognizance limits the amount of the recovery. Carter v. Carter, 4 Day 30, 36. Interest, however, should be added from date of forfeiture, November 19, 1953, which is the date of first breach.
 Judgment may enter accordingly for $1000 plus interest of $50, or a total of $1050.